JAMES ELLIOTT, Appellant,

*v.*

THE EQUALIZATION BOARD OF CARTER COUNTY, TENNESSEE, et al., etc., Appellees

372 S. W. 2d 181

(*Knoxville*, September Term, 1963.)

Opinion filed November 6, 1963.

THOMAS E. MITCHELL, Johnson City, for appellant.

C. C. STREET, JACK R. MUSICK, ROBERT E. BANKS, Elizabethton, for appellees.

MR. JUSTICE WHITE delivered the opinion of the Court.

James Elliott perfected his appeal from the action of the chancellor in sustaining a demurrer to the bill filed by him and dismissing his cause. He assigns several errors.

The bill sets out that Elliott is the duly elected and acting Tax Assessor of Carter County, Tennessee. He brings his suit as such Tax Assessor, and individually as a taxpayer, a citizen and resident of Carter County, and on behalf of all other taxpayers similarly situated, against the defendants, who are members of the Equalization Board for Carter County, whose duty it is to equalize the tax assessments for said county.

The complainant sets out that he complied with the duties devolving upon him in regard to making tax assessments required in T.C.A. sec. 67-601 et seq. He further averred that the Equalization Board made and

passed a resolution to the effect that all property located within the county would be assessed at thirty-three and one-third percent of its actual value, and that such procedure is in violation of the State law which requires, according to the complainant, that said property be assessed at its actual cash value.

Complainant further avers that the Equalization Board was then (at the time of the filing of the bill) in the process of assessing the property on the basis of the 1962 assessment, at one-third of its value, in a purported attempt to equalize the property values by using the 1962 assessments as the assessments for 1963.

The complainant sought an injunction against the Equalization Board from proceeding as above outlined, but he sought in nowise to enjoin the Board from discharging its lawful duties under the law, as understood by him.

Based upon this bill, a General Sessions Judge for Washington County, issued a fiat directing the Clerk and Master of the Chancery Court of Carter County, Tennessee, to issue a writ of injunction upon a bond in the amount of $1,000.00, to enjoin, inhibit and restrain said defendants from assessing all of the property in Carter County, Tennessee, based upon the 1962 assessment, and to enjoin said members of said Board from interfering with or assuming the duties of the Tax Assessor's Office, or encroaching thereupon. This fiat was signed on July 31, 1963 and was issued by the Clerk and Master on August 1, 1963.

A motion to dissolve the injunction was filed by said defendants before the chancellor in Carter County, and

in support of said motion it was stated as grounds therefor that (1) there is no equity upon the face of the bill; and (2) the injunction against the defendants was improvidently granted by a judge who had no jurisdiction over either the subject matter of this litigation, or the person of these defendants. A demurrer, coupled with an answer, was also filed, the demurrer containing ten separate grounds. Grounds Number Four and Five are that the bill does not state a cause of action against the defendants or either of them, shows no ground for injunctive relief, and the complainant has a plain, complete and adequate remedy at law and has not exhausted the statutory administrative remedies, and that the complainant is not entitled to bring or maintain this suit because the bill shows on its face that there is no justiciable controversy between the complainant and defendants, that there are no adverse interests, and the complainant does not assert a legally protectible interest in controversy requiring present judicial determination.

In disposing of this case the court said in its final decree of August 3, that:

"We have a situation where more than 40,000 citizens are involved, including some 10,000 students who are in need of an education. The Court notices that the tentative tax rate has been adopted by the County Court in April, 1963, and that the Equalization Board must now complete its work of equalizing the taxes in order for the County Court to know the assessment on Monday, next, August 5, 1963, in adopting the tax rate, as the Court must know the assessment before it can set the tax rate.

"The Court further noticed a letter from the State Commissioner of Education of Tennessee, stating that Carter County's share of the State School Funds would not be sent by the State until the State Department of Education has in its hands a certified copy of the school budget as finally adopted. This means that the County Schools can not start on August 19, 1963, unless the Defendants complete their work, and the Court adopts the tax rate."

The court in sustaining all ten grounds of the demurrer held that it was without jurisdiction to prevent, restrain, direct or control the Board of Equalization in the exercise of its discretion; that there is no equity on the face of the bill; that the suit is premature and the law presumes that the Board will perform its statutory duties in equalizing taxes. The court further held that the complainant has a plain, complete and adequate remedy at law and has not exhausted his administrative remedies first, to the County Tax Board, then to the State Board of Equalization if dissatisfied with the County Tax Board's ruling, after which there might be a judicial review as contemplated by the statutes. The injunction was dissolved.

The duties of the County Board of Equalization are set forth in T.C.A. sec. 67-801 et seq.

T.C.A. sec. 67-809 provides that when the County Board of Equalizers shall have determined the matters of equalization and values before it and within its jurisdiction, such action shall be final, except insofar as the same may be reviewed or changed by the State Board of Equalization.

■ Therefore, if the complainant or any other citizen of Carter County was dissatisfied with the assessment as made by the County Board of Equalization, then the remedy available to such person was an appeal to the State Board of Equalization, as provided in said Chapter 8, being T.C.A. sec. 67-801 et seq.

■ The complainant did not follow the procedure outlined therein, but sought immediate recourse to the court. The chancellor acted properly when he sustained the demurrer to the bill and dissolved the injunction. Whether the General Sessions Judge had authority to order the issuance of the injunction is not material to the decision herein. In the case of *Tennessee Enamel Mfg. Co. v. Hake,* 183 Tenn. 615, 194 S.W.2d 468 (1946), it was held that a suit was properly dismissed as prematurely brought because complainant had failed to first exhaust his administrative remedies.

T.C.A. sec. 67-809 provides for an administrative remedy:

"When the county board of equalizers shall have determined the matters of equalization and values before it and within its jurisdiction, such action shall be final, except in so far as the same may be revised or changed by the state board of equalization."

■ The chancellor sustained the defendants' demurrer on all ten grounds. It is unnecessary for this Court to consider whether his ruling was correct on all ten grounds. For the purposes of this appeal it is sufficient that the chancellor was correct on one ground. See *Young v. Cumberland Grocery Co.,* 15 Tenn.App. 89 (Middle Section, 1932), Cert. denied 1932.

For the foregoing reasons, the action of the chancellor in sustaining the demurrer and dismissing the bill is affirmed.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.