**Helen Paris BRACEY, Executrix of the Estate of J. O. Paris, Appellant,**

v.

**Jayne Ann WOODS, Commissioner, Department of Revenue, Appellee.**

Supreme Court of Tennessee.

Oct. 10, 1978.

George F. Henry, Jr., Cookeville, for appellant.

Jim G. Creecy, Asst. Atty. Gen., Nashville, for appellee; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The plaintiff, Bracey, brought this action to recover inheritance taxes levied against the estate of J. O. Paris and paid under protest. The theory of the plaintiff expressed in her complaint was that the defendant Commissioner had appraised the property of the estate at an excessive amount. The complaint also disclosed that the plaintiff had filed an appeal with the State Board of Equalization contesting the assessment and appraisal made by the defendant Commissioner and that this appeal

was pending at the time the instant suit was instituted.

The defendant Commissioner defended the complaint by filing a motion to dismiss upon the ground that the circuit court was without jurisdiction of the subject matter by reason of the failure of the plaintiff to exhaust her administrative remedy before the State Board of Equalization as set out in T.C.A., § 30–1620. The trial judge found the motion to dismiss to be meritorious and accordingly dismissed the complaint and the plaintiff has appealed from that order of dismissal.

The pertinent provisions of T.C.A., § 30–1620, are as follows:

"Upon receipt of such sworn return and inventory from the executor, administrator or trustee, the commissioner shall proceed to make an appraisal of the various items of the gross estate and to investigate deductions claimed by such representative of the estate.

"In making said appraisal, the commissioner shall direct his deputies, agents or assistants to investigate the valuation placed upon each item of the estate, with a view to determining its fullness and fairness, and, in the absence of written objection upon the part of the representative of the estate, his appraisal shall be final and binding upon the estate; provided, however, that such representative shall have the right to file with the state board of equalization, within thirty (30) days from the date of such appraisal, an appeal from the appraisal. A copy of the appeal shall be filed with the commissioner of revenue who shall file with the state board of equalization his findings concerning the appraisal; the board shall have authority to consider the exceptions filed, hear proof and determine the valuation in dispute, and the findings by a majority vote, of said board shall be conclusive as to all parties in interest, subject only to the constitutional right of review in the courts."

As above stated, the plaintiff invoked the right of administrative review as set out in the foregoing statute by filing her appeal with the State Board of Equalization and the Commissioner filed a response to that appeal, but the plaintiff did not exhaust the administrative remedy, choosing, instead, to file the instant suit, before the State Board of Equalization had conducted a hearing and determined the merits of her claim of excessive appraisal and assessment. This she may not do under the facts of this case and the express provisions of T.C.A., § 30–1620, and T.C.A., § 67–2303. The latter code provision permits a taxpayer to pay disputed taxes under protest and sue for their recovery but only "in all cases where [a remedy is not] otherwise provided . . ." Of course, in this case, the taxpayer's remedy is otherwise provided by T.C.A., § 30–1620, above quoted.

■ It is a settled rule in this State and is the general rule in other jurisdictions that "where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act." *Tennessee Enamel Mfg. Co. v. Hake,* 183 Tenn. 615, 194 S.W.2d 468 (1946); *Elliott v. Equalization Board,* 213 Tenn. 33, 372 S.W.2d 181 (1963); *Fentress County Bank v. Holt,* Tenn., 535 S.W.2d 854 (1976); 2 Am.Jur.2d *Administrative Law* § 595 (1962); 73 C.J.S. *Public Administrative Bodies and Procedures* § 41 (1951). Of course, the mere initiation of the prescribed administrative procedure is not a compliance with this rule; the administrative remedy must be pursued to an appropriate conclusion, it must be exhausted. The courts will not interfere at intermediate stages of an administrative proceeding. 73 C.J.S. *Public Administrative Bodies and Procedures* § 41a, b, and cases there cited.

■ We hold that the plaintiff must exhaust the administrative remedy provided by T.C.A., § 30–1620; that is, she must await the hearing and determination of her appeal on the merits by the board before seeking relief in the courts. *Elliott v. Equalization Board, supra; Fentress County Bank v. Holt, supra; Rosewood, Inc. v. Garner,* Tenn.App., 476 S.W.2d 273 (1972). The *Fentress County Bank* and *Rosewood*

cases, *supra,* recognize an exception to this rule that is not applicable to the instant case, i. e., if the taxpayer raises only issues which are strictly questions of law, rather than questions of fact, respecting the assessment and valuation of his property he may raise such strictly legal questions by access to the courts without exhausting the administrative remedy provided by T.C.A., § 30–1620, provided he first pays the taxes in question under protest. That exception is not applicable in the instant case because the only issues raised by the taxpayer are factual ones respecting the alleged excessiveness of the appraisal and valuation of the taxable property by the Commissioner.

The dismissal of the complaint by the trial court is affirmed and costs of appeal are assessed against the appellant and surety.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.