**Paul W. BARRET, Jr., Executor of the Estate of Paul W. Barret, Sr., Plaintiff-Appellant,**

v.

**Martha OLSEN, Commissioner, Department of Revenue, State of Tennessee, Defendant-Appellee.**

Supreme Court of Tennessee, at Jackson.

Sept. 6, 1983.

---

Donald W. Pemberton, Memphis, for plaintiff-appellant.

Kathryn Behm Celauro, Asst. Atty. Gen., Nashville, for defendant-appellee; Wm. M. Leech, Jr., Atty. Gen., Nashville, of Counsel.

## OPINION

BROCK, Justice.

The plaintiff, Barret, brought this action to recover inheritance taxes levied against the estate of his father and paid under protest. The theory of the plaintiff, expressed in his complaint, was that the defendant Commissioner had appraised the property of the estate at an excessive amount; no other objection to the Commissioner's assessment or to the taxes levied was made. The complaint was met by a motion to dismiss filed by the Commissioner on the ground that the plaintiff had failed to exhaust administrative remedies and that the court, therefore, had no jurisdiction of the subject matter set forth in the complaint. Upon consideration of the briefs filed and oral argument, the Chancellor sustained the motion to dismiss; the plaintiff appealed.

The Commissioner relies upon T.C.A., § 30–1620, which, in pertinent part, provides:

"Upon receipt of such return and inventory from the executor, administrator or trustee, the commissioner shall proceed to make an appraisal of the various items of the gross estate and to investigate deductions claimed by such representative of the estate.

"In making said appraisal, the commissioner shall direct his deputies, agents or assistants to investigate the valuation placed upon each item of the estate, with a view to determining its fullness and fairness, and, *in the absence of written objection upon the part of the representative of the estate, his appraisal shall be final and binding upon the estate;* provided, however, that such representative shall have the right to file with the state board of equalization, within thirty (30) days from the date of such appraisal, an appeal from the appraisal. A copy of the appeal shall be filed with the commissioner of revenue who shall file with the state board of equalization his findings concerning the appraisal; the board shall have authority to consider the exceptions filed, hear proof and determine the valuation in dispute, and the findings, by a majority vote, of said board shall be conclusive as to all parties in interest, subject only to the constitutional right of review in the courts." (Emphasis added.)

Notwithstanding the import of this plainly worded statute, the plaintiff contends that he has the right to ignore the same and to litigate the value of the estate in the courts by means of this action to recover taxes paid under protest. He cites no authority whatever to support this insistence.

In a slightly different context this Court recently considered the effect of T.C.A., § 30–1620, in *Bracey v. Woods,* Tenn., 571 S.W.2d 828 (1978). The facts in the *Bracey* case were identical to those in the instant case except that there the taxpayer executrix did file an appeal with the State Board of Equalization contesting the valuation in the assessment and appraisal made by the defendant commissioner and that appeal before the board was pending at the time she brought her suit to recover the taxes which she had paid under protest. The Chancellor dismissed her action to recover the taxes paid under protest on grounds that the

court was without jurisdiction of the subject matter by reason of the failure of the plaintiff to exhaust her administrative remedy before the State Board of Equalization as set out in T.C.A., § 30–1620. This Court, in a unanimous opinion, affirmed the judgment of the trial court and in the course of the opinion stated:

"[T.C.A., § 67–2303] permits a taxpayer to pay disputed taxes under protest and sue for their recovery but only 'in all cases where [a remedy is not] otherwise provided . . .' Of course, in this case, the taxpayer's remedy is otherwise provided by T.C.A., § 30–1620, above quoted.

"It is a settled rule in this State and is the general rule in other jurisdictions that 'where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act.' *Tennessee Enamel Mfg. Co. v. Hake,* 183 Tenn. 615, 194 S.W.2d 468 (1946); *Elliott v. Equalization Board,* 213 Tenn. 33, 372 S.W.2d 181 (1963); *Fentress County Bank v. Holt,* Tenn., 535 S.W.2d 854 (1976); 2 Am.Jur.2d *Administrative Law* § 595 (1962); 73 C.J.S. *Public Administrative Bodies and Procedures* § 41 (1951). Of course, the mere initiation of the prescribed administrative procedure is not a compliance with this rule; the administrative remedy must be pursued to an appropriate conclusion, it must be exhausted. The courts will not interfere at intermediate stages of an administrative proceeding. 73 C.J.S. *Public Administrative Bodies and Procedures* § 41a, b, and cases there cited.

"We hold that the plaintiff must exhaust the administrative remedy provided by T.C.A., § 30–1620; that is, she must await the hearing and determination of her appeal on the merits by the board before seeking relief in the courts. *Elliott v. Equalization Board, supra; Fentress County Bank v. Holt, supra; Rosewood, Inc. v. Garner,* [63] Tenn.App. [559], 476 S.W.2d 273 (1972). The *Fentress County Bank* and *Rosewood* cases, *supra,* recognize an exception to this rule that is not applicable to the instant case, i.e., if a taxpayer raises only issues which are strictly questions of law, rather than questions of fact, respecting the assessment and valuation of his property he may raise such strictly legal questions by access to the courts without exhausting the administrative remedy provided by T.C.A., § 30–1620, provided he first pays the taxes in question under protest. That exception is not applicable in the instant case because the only issues raised by the taxpayer are factual ones respecting the alleged excessiveness of the appraisal and valuation of the taxable property by the Commissioner." 571 S.W.2d at 829–30.

We adhere to our interpretation of the intent and the effect of T.C.A., § 30–1620, as set out in *Bracey.* Under the explicit provisions of that statute, the Commissioner's evaluation of the taxable estate became "final and binding upon the estate" when 30 days passed following the date of the Commissioner's appraisal without the plaintiff having filed his "written objection" and an appeal from that appraisal to the State Board of Equalization. *See, State v. American Trust Co.,* 161 Tenn. 570, 32 S.W.2d 1036 (1930); *Chandler v. Roddy,* 163 Tenn. 338, 43 S.W.2d 397 (1931).

Of course, if a taxpayer wishes to dispute some aspect of the taxes assessed, other than the evaluation of the taxable estate, he may pay the taxes under protest and sue for the refund as provided by T.C.A., § 67–2303; but, if he wishes to contest the evaluation of the taxable estate he must follow the administrative procedures set out in T.C.A., § 30–1620, and exhaust his administrative remedy before the State Board of Equalization as provided by T.C.A., § 30–1620, before the courts of this State are authorized to entertain his complaint.

The decree of the Chancellor is affirmed and costs are taxed against the appellant and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.