HARLAN WHITE,                    )
                                 )
        Petitioner/Appellant,    )       Appeal No.
                                 )       01-A-01-9602-CH-00071
v.                               )
                                 )       Davidson Chancery
STATE OF TENNESSEE,              )       No. 95-1598-III
TENNESSEE DEPARTMENT OF          )
CORRECTION,                      )
                                 )
        Respondents/Appellees.   )

FILED

May 8, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ROBERT S. BRANDT, CHANCELLOR



HARLAN WHITE, Pro Se
L.C.R.C.F.
Route 1, Box 330
Tiptonville, Tennessee  38079



CHARLES W. BURSON
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
Civil Rights and Claims Division
404 James Robertson Parkway
Suite 2000
Nashville, Tennessee  37243
        ATTORNEYS FOR RESPONDENTS/APPELLEES




AFFIRMED AND REMANDED




SAMUEL L. LEWIS, JUDGE

O P I N I O N

This is an appeal by petitioner, Harlan White, from the trial court's order dismissing his petition for declaratory judgment on the ground that petitioner failed to exhaust his administrative remedies.

Petitioner filed a petition for declaratory judgment with the Tennessee Department of Correction ("Department") in March 1995. He claimed the Department failed to calculate his sentence expiration date for one conviction, his sentence reduction credits, and the date upon which he would be eligible for parole consideration. Based on a claim that the Department failed to provide him a timely hearing, petitioner filed a petition for declaratory judgment in the Chancery Court for Davidson County against respondents on 22 May 1995.

On 30 May 1995, Wilma Lutche, legal assistant for the Department of Correction, responded to petitioner's request for declaratory order by letter. In his response, Mr. Lutche advised petitioner that the Department was postponing its decision on his request until petitioner presented his questions to his counselor who would then contact the institution's record office and sentence management services if necessary. Mr. Lutche further advised petitioner that, if he had already attempted to resolve his question through those channels, he should send the Department documentation which verified his attempts. Petitioner filed a motion for "judicial estopple [sic]" in regard to the letter and attached a supplement to his petition and a request for oral argument titled "writ of habeas corpus testificandum."

Petitioner subsequently moved to amend his petition to add additional defendants who are employees of the Department and who

2

are associated with petitioner's records. The court denied his motion in August 1995. Next, petitioner filed a written argument asserting that the Department's failure to calculate his sentence in the manner he proposed in his petition was unconstitutional and illegal.

Respondents filed a motion to dismiss petitioner's petition in July 1995 on the ground that petitioner had failed to comply with the jurisdictional prerequisites for filing a petition for declaratory judgment. Respondents accompanied their motion with the affidavit of Candace Whisman, a Department of Correction's sentence information service technician. The affidavit explained the Department's inability to calculate petitioner's sentence expiration date until it received information from the sentencing court regarding petitioner's sentence.

Before responding to the motion to dismiss, petitioner filed a second supplement to his petition for declaratory order explaining his calculation of his sentence. In response to the respondents' motion, petitioner insisted they had no legal grounds. In a third supplement filed in August 1995, petitioner took issue with the Department's refusal to calculate his sentence before receiving information from the sentencing court and complained he had attempted to resolve the question at an institutional level.

The chancery court granted respondents' motion on 30 August 1995 and dismissed petitioner's petition on the ground that he had failed to exhaust his administrative remedies.

Petitioner is currently in the custody of the Department of Correction at the Lake County Regional Correction Facility in Tiptonville, Tennessee. After being convicted of armed robbery in Shelby County in 1987, a court sentenced petitioner to ten years.

3

Petitioner was paroled in March 1989, but then violated his parole by possessing a handgun and committing forgery. He was returned to the Department's custody in April 1993.

Subsequently, a court convicted petitioner of forgery and possession of a handgun in Shelby County, but it did not sentence him until February 1994 at which time he received two concurrent two-year sentences. One of the sentences stated that petitioner was to serve the sentence consecutively to a conviction in case no. 8700833. The Department had no information about case no. 8700833 and was unable to calculate petitioner's release eligibility date until it received the information.

The sole issue on appeal is whether the trial court properly dismissed petitioner's petition for declaratory judgment.

Tennessee Code Annotated section 4-5-224(b)(1991) provides: "A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless a complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order." In the instant case, the Department has not refused to issue a declaratory order. Instead, it is unable to do so because of petitioner's failure to resolve his complaint or to document his attempts to resolve his complaint. Although petitioner provided the necessary information to the trial court, we find nothing in the record to show that he provided the Department with the information it needed to respond to his request for a declaratory order. Therefore, a declaratory judgment on this issue is premature.

The purpose of requiring that administrative remedies be exhausted prior to judicial review are:
1) avoidance of premature interruption of the

4

administrative process,
2) provision for the agency to apply its expertise and to develop a record, and
3) maintenance of judicial efficiency by elimination of as many complaints as may be through the administrative process prior to judicial review.

*Seepe v. Department of the Navy*, 518 F.2d 760, 764 (6th Cir. 1975).

In the instant case, the Department has not had the opportunity to address petitioner's complaint. If he has followed the procedure outlined in the correspondence to him, he has failed to provide the Department with any documentation of these attempts. Simply initiating the administrative process, as petitioner has done, is not the same as exhausting his administrative remedies. He must pursue his remedies through the Department to their conclusion. *Bracey v. Woods*, 571 S.W.2d 828, 829 (Tenn. 1978).

In the instant case, the Department was unable to issue a declaratory order because petitioner had not met the prerequisites for requesting a declaratory order nor had he documented his attempts to resolve his questions through his counselor, the institution's record office personnel, or the sentencing information services. It is possible that the process of administrative review would resolve petitioner's complaint and would render a suit unnecessary. Until petitioner exhausts his administrative remedies, this controversy is not ripe for adjudication. The trial court properly dismissed the petition for declaratory judgment.

Judgment of the trial court is affirmed, and the costs are assessed to petitioner/appellant, Harlan White. The cause is remanded to the trial court for further necessary proceedings.

_____

5

                                        SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE