# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 18, 2011

## DIANDRE GOODWIN v. TURNEY CENTER DISCIPLINARY BOARD ET AL.

### Appeal from the Chancery Court for Hickman County
### No. 10-114C     Jeffrey S. Bivins, Judge

### No. M2010-02003-COA-R3-CV - Filed April 29, 2011

An inmate at the Turney Center Industrial Complex filed a petition for writ of certiorari seeking review of the decision of the Turney Center Disciplinary Board convicting him of the disciplinary offense of possession of "security threat group material." Acting *sua sponte*, the Hickman County Chancery Court dismissed the petition for failure to exhaust his administrative remedies. We affirm.

### Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Diandre Goodwin, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Mark A. Hudson, Senior Counsel, for the appellee, Turney Center Disciplinary Board, et al.

### MEMORANDUM OPINION[1]

Diandre Goodwin (hereinafter "Petitioner") is an inmate in the custody of the Tennessee Department of Correction at Turney Center Industrial Complex in Only, Hickman

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County, Tennessee. The Disciplinary Board at Turney Center convicted Petitioner of the disciplinary offense of possession of security threat group material. On May 5, 2010, Petitioner filed this petition for writ of certiorari in the Chancery Court for Hickman County seeking review of the January 27, 2010 decision of the Disciplinary Board.

On July 2, 2010, the Hickman County Chancery Court entered a *sua sponte* order dismissing the petition due to Petitioner's failure to exhaust his administrative remedies. Specifically, the petition for writ of certiorari was dismissed by the trial court for his failure to exhaust his administrative remedies by perfecting an appeal of his disciplinary conviction to the Commissioner of the Tennessee Department of Correction.

Two weeks later, Petitioner filed a motion to alter or amend the judgment; the motion was denied on September 21, 2010. Petitioner filed a Notice of Appeal on September 21, 2010.

A petition for a writ of certiorari lies only from a final decision of a board or commission. Tenn. Code. Ann. § 27-9-101 states:

> Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

Prior to seeking judicial review of an agency's action, a petitioner must attempt to resolve his grievances through the agency's procedures. *Davis v. Sundquist*, 947 S.W.2d 155, 156 (Tenn. Ct. App. 1997). As our Supreme Court stated in *Barret v. Olsen*:

> It is a settled rule in this State . . . that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. Of course, the mere initiation of the prescribed administrative procedure is not a compliance with this rule; the administrative remedy must be pursued to an appropriate conclusion, it must be exhausted. The courts will not interfere at intermediate stages of an administrative proceeding.

*Barret*, 656 S.W.2d 373, 375 (Tenn. 1983) (quoting *Bracey v. Woods*, 571 S.W.2d 828, 829 (Tenn. 1978)) (internal citations omitted).

Petitioner filed certain disciplinary documents in support of his petition, which reveal that he appealed his disciplinary conviction to the warden who affirmed the conviction.

Thereafter, it appears that Petitioner attempted to appeal to the Commissioner but did not timely submit the required documentation.

Based on the above facts, the trial court found that Petitioner failed to perfect his appeal to the Commissioner and, therefore, did not exhaust his administrative remedies as required by law. This decision is supported by the facts of this case and the law of this State. Accordingly, the judgment of the trial court is affirmed.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the petitioner, Diandre Goodwin, for which execution may issue.

_____
FRANK G. CLEMENT, JR., JUDGE