IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 24, 2026 Session

## JOSEPH HEINTZ v. TENNESSEE STATE BOARD OF EQUALIZATION

Appeal from the Chancery Court for Davidson County
No. 23-0356-1          Patricia Head Moskal, Chancellor

_____

### No. M2025-00707-COA-R3-CV

Appellant filed a complaint for judicial review of the Tennessee State Board of Equalization's decision to deny his request for property tax relief. Because Appellant sought review of an administrative order that had not become final under the applicable version of tax relief statutes, the trial court dismissed the complaint for lack of subject-matter jurisdiction under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 4-5-322(a)(1) ("A person who is aggrieved by a **final decision** in a contested case is entitled to judicial review") (emphasis added). Affirmed.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

STEVEN W. MARONEY, J., delivered the opinion of the court, in which KRISTI M. DAVIS and VALERIE L. SMITH, JJ., joined.

Robert L. Huskey and Jason L. Huskey, Manchester, Tennessee, for the appellant, Joseph Heintz.

Jonathan Skrmetti, Attorney General and Reporter, J. Matthew Rice, Solicitor General, and J. Hugh McKinnon, Jr., Senior Assistant Attorney General, for the appellee, Tennessee State Board of Equalization.

John Freemont Sharpe, Jr., Assistant General Counsel, for the appellee, Tennessee Comptroller of the Treasury.

### OPINION

This appeal requires us to determine whether the trial court properly dismissed Appellant Joseph Heintz's petition for lack of a final administrative order. We conclude that dismissal was proper.

# I. Background

On November 29, 2004, Appellant and his significant other, Nancy Lindquist-Graham, entered into an agreement for the disposition of real property located at 228 Briarwood Drive, Manchester, Tennessee (the "Property"). By their agreement, Appellant and Ms. Lindquist-Graham became "one-half (1/2) owners or tenants in common in the [P]roperty." In 2019, Ms. Lindquist-Graham died, and her interest in the Property vested in her son and sole heir, David Bradley Lindquist. The agreement between Ms. Lindquist-Graham and Appellant provided that the surviving partner would retain possession of the property; accordingly, since Ms. Lindquist-Graham's death, Mr. Heintz has retained sole possession of the Property.

For the 2021 tax year, Appellant applied to the Tennessee Comptroller of the Treasury Office ("Comptroller") for tax relief under Tennessee Code Annotated section 67-5-702 and Rule 0600-03 of the Rules of the Tennessee State Board of Equalization ("SBOE," and together with Comptroller, "Appellees"). At the time Appellant filed for tax relief, Tennessee Code Annotated section 67-5-702 provided, in part, that:

> (a)(1) There shall be paid from the general funds of the state to certain low-income taxpayers sixty-five (65) years of age or older the amount necessary to pay or reimburse such taxpayers for all or part of the local property taxes paid for a given year on that property that the taxpayer owned and used as the taxpayer's residence as provided in this part.
>
> (2) For tax year 2007 and thereafter, the taxpayer's annual income from all sources shall not exceed twenty-four thousand dollars ($24,000) . . . . The income attributable to the applicant for tax relief shall be the income of all owners of the property . . . .

Tenn. Code Ann. § 67-5-702(a)(1)-(2). Likewise, SBOE Rule 0600-03-.08 provided that:

> (1) A taxpayer, in order to satisfy the income requirement, must not receive a yearly income in excess of the statutory limit. The yearly income will be the total combined income of all property owners for the calendar year prior to the tax year for which property tax relief is requested. ALL income must be included.

In his application, Appellant did not include Mr. Lindquist's income, causing the Comptroller to deny his request for tax relief by letter of February 16, 2022.

On March 15, 2022, Appellant filed a timely appeal to the SBOE pursuant to Tennessee Code Annotated section 67-5-1501(c), which, at the time of Appellant's appeal,

provided:

> Appeals to the state board of equalization from initial determinations in exemption and tax relief cases must be filed within ninety (90) days from the date notice of the determination was sent. Appeals from initial decisions of administrative judges or hearing examiners for the state board of equalization must be filed within thirty (30) days from the date the initial decision is sent.

On October 27, 2022, the Administrative Law Judge ("ALJ"), serving as a hearing examiner under Tennessee Code Annotated section 67-5-1505, conducted a hearing. Appellant testified, and nine exhibits were admitted. As a basis for his appeal, Appellant argued that the SBOE Rule requiring him to report Mr. Lindquist's income conflicted with the tax relief statute. Finding no conflict between the statute and the rule, the ALJ proceeded to apply SBOE Rule 0600-03-.08 and Tennessee Code Annotated 67-5-702(a) to find that Appellant's failure to provide Mr. Lindquist's income information was fatal to his request for tax relief.[1] On January 27, 2023, the ALJ issued an initial decision and order denying Appellant's application for tax relief.

On February 7, 2023, Appellant requested reconsideration. By order of February 17, 2023, the ALJ denied the petition for reconsideration, finding an absence of any "new evidence, statutory authority, or case law that would warrant the setting aside of the [ALJ's] Initial Order."

On March 20, 2023, Appellant filed a "Complaint for Judicial Review of a State Agency Final Decision" in the Chancery Court for Davidson County ("trial court"). Appellant's petition was brought under the Uniform Administrative Procedures Act ("UAPA"), Tennessee Code Annotated section 4-5-301, *et seq.* The SBOE filed the administrative record in the trial court. Although not named as a party, on April 26, 2023, the Tennessee Division of Property Assessments ("DPA") filed a response, wherein it moved "the trial court to dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted." *See* Tenn. R. Civ. P. 12.02(6).

The trial court convened a hearing on November 6, 2023. On November 7, 2023, the trial court entered an interim order, wherein it explained that, after reviewing the administrative record,

> there is no copy of any final order by the Assessment Appeals Commission

---

[1] The ALJ also applied Tennessee Code Annotated 31-2-103, "The real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs as provided in § 31-2-104," to find that an ownership interest in the Property vested in Mr. Lindquest upon Ms. Lindquest-Graham's death.

[("AAC")] or SBOE in the Administrative Record, evidencing that the decision by the agency is final. Two orders are included in the Administrative Record, neither of which is a final order: Initial Decision and Order of the Administrative Judge (Administrative Record, pp. 62-67); and Order Denying Taxpayer's Petition for Reconsideration (Administrative Record, pp. 75-76). Judicial review under the Uniform Administrative Procedures Act ("UAPA"), requires a final decision by the administrative agency and that requirement is mandatory and jurisdictional. Tenn. Code Ann. § 4-5-322. Because this case involves judicial review of a real property tax relief application, additional requirements regarding finality of decisions by the SBOE are set forth in the property tax statutes. *See* Tenn. Code Ann. §§ 67-5-1501, *et seq.* The Court on its own raised the threshold issue of subject matter jurisdiction . . . .

Noting that the parties' "counsel were not prepared [at the November 6, 2023 hearing] to address this issue [of a final judgment]," the trial court allowed the parties additional time to brief the question. As discussed below, the SBOE supplemented the record with a printout that appears to indicate that its decision became final on April 12, 2023. After reviewing the supplemental briefs, the trial court reconvened the hearing. In its December 10, 2024 order, the trial court "first consider[ed] the threshold issue of whether the SBOE decision was final and subject to judicial review under the UAPA." Applying the applicable property tax relief statutes, *see discussion infra*, the trial court concluded "that there was no final decision by the SBOE to establish [the trial court's] subject matter jurisdiction under the UAPA, and Heintz's petition for judicial review should be dismissed." Out of an abundance of caution, the trial court went on to conduct a judicial review of the merits of the SBOE's decision and concluded that the ALJ's decision should be affirmed.

On January 8, 2025, Appellant filed a "Motion for Relief and to Alter and Amend [the trial court's December 10, 2024 order] under Rules 52 and 59 of the Tennessee Rules of Civil Procedure." On April 11, 2025, the trial court entered an order denying Appellant's motion, and he filed a timely notice of appeal to this Court on May 12, 2025.

## II. Issues

Appellant raises the following issues for review as stated in his brief:

I. Did the Board of Equalization and in turn, the Honorable Chancery Court of Davidson County, err in ruling that with the death of his mother, Nancy Lindquist-Graham, her son became a full owner of one-half interest in the subject residence property in Coffee County, Tennessee as opposed to now holding a vested remainder interest in one-half of the subject property?

II. Did the Court err by not following the instruction in the state statute in

- 4 -

regard to the residency requirement to use the son's income?

III. Did the Honorable Chancellor commit error in holding that the action is barred by the Plaintiff's filing of the case in Chancery Court before the State had completed its obligation of filing a full record even when Plaintiff's counsel asked the Clerk and Master of the Chancery Court to refile the complaint after the Board of Equalization finally complete its obligation and actually filed a copy of the record with the Court and served a copy on Plaintiff's Counsel?

We perceive that there are two dispositive issues, which we state as follows:

1. Whether the trial court erred in dismissing Appellant's complaint for judicial review for lack of subject-matter jurisdiction due to Appellant appealing a non-final judgment under the UAPA.
2. If so, whether the trial court erred in finding that the SBOE's decision to deny Appellant tax relief should be affirmed.

## III. Standard of Review

As noted above, in its initial filing in the trial court, DPA moved to dismiss Appellant's complaint for judicial review under Tennessee Rule of Civil Procedure 12.02(6) for "failure to state a claim upon which relief can be granted." Although the trial court ultimately granted DPA's motion, it did so under Tennessee Rule of Civil Procedure 12.02(1) for "lack of jurisdiction over the subject matter." The Tennessee Supreme Court has explained the standard of review applicable to such motions:

> A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore, should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009). Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim. *See Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006); 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 3:2 (2011 ed.) . . . .

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (footnotes omitted). Appellate review of a trial court's dismissal of a case based on lack of subject-matter jurisdiction is de novo with no presumption of correctness because we are reviewing the trial court's conclusions of law. *Northland*, 33 S.W.3d at 729 (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W. 3d 625, 628 (Tenn. 1999)).

## IV. Analysis

We first consider the statutory procedures for seeking judicial review of an agency decision. Under section 4-5-322(a)(1) of the UAPA, "(a)(1) A person who is aggrieved by a **final decision** in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." (Emphasis added). As this Court has explained, the UAPA "is inapplicable to proceedings that do not fit within its adjudicatory definitions." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480-81 (Tenn. Ct. App. Oct. 15, 1999) (citing *National Health Corp. v. Snodgrass*, 555 S.W.2d 403, 405-06 (Tenn.1997); *Mid-South Indoor Horse Racing, Inc. v. Tenn. State Racing Comm'n*, 798 S.W.2d 531, 536 (Tenn. Ct. App. 1990)). "Judicial review under the Act is limited to final decisions in contested cases." *Dishmon,* 15 S.W.3d at 481 (citing Tenn. Code Ann. § 4-5-322(a)(1)).

"Petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon." Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). Accordingly, under the UAPA, a trial court obtains subject-matter jurisdiction over an administrative decision when a timely appeal is taken from a final order entered by the agency. *See Phillips v. Chattanooga Fire and Pension Fund*, No. E2022-00296-COA-R3-CV, 2022 WL 16579684, at *9 (Tenn. Ct. App. Nov. 2, 2022) (holding that "[t]he trial court lacks subject-matter jurisdiction because the Board has not entered a UAPA-compliant final order from which judicial review will lie"). Accordingly, the trial court was correct to first consider whether the SBOE's decision was final. This question requires review of the procedures and timelines outlined in the UAPA and in the relevant tax relief appeals statutes. We begin with the UAPA.

As noted above, a request for judicial review must be filed in the trial court within sixty days of entry of a final order by the agency. However, this timeline may be affected by application of certain procedures outlined in the UAPA. As relevant here, under section 4-5-315(a) of the UAPA, the administrative agency may review an ALJ's initial order on appeal by any party within fifteen days after the entry of the initial order, unless a timely petition for reconsideration is filed under Tennessee Code Annotated section 4-5-317.

Here, the ALJ entered its initial order on January 27, 2023. On February 7, 2023, Appellant filed a timely request for reconsideration under section 4-5-317 of the UAPA, which provides, in relevant part, that:

> (a) A party, within fifteen (15) days after entry of an initial or final order, may file a petition for reconsideration . . . .

***

(e) The sixty-day period for a party to file a petition for review of a final order shall be tolled by granting the petition and setting the matter for further proceedings, and a new sixty-day period shall start to run upon disposition of the petition for reconsideration by issuance of a **final order** by the agency.

Tenn. Code Ann. § 4-5-317(a), (b) (emphasis added).

The ALJ's order denying Appellant's request for reconsideration was entered on February 17, 2023, and Appellant filed his complaint for judicial review on March 20, 2023. Although Appellant's complaint was filed within sixty days of the entry of the ALJ's order denying review, unless the February 17th order constitutes a "final order," the trial court did not obtain subject-matter jurisdiction under section 4-5-322(a)(1) of the UAPA. *Phillips*, 2022 WL 16579684, at *9.

Although the UAPA provides a starting point for determining what procedures must be followed in seeking judicial review of an agency decision, it does not answer the question of how an agency decision (such as the ALJ's February 17, 2023 order) becomes a "final order" subject to judicial review under the UAPA.

For this question, we turn to the applicable tax relief statutes. Indeed, the general provisions of the UAPA state that the UAPA is "remedial legislation designed to clarify and bring uniformity to the procedure of state administrative agencies and judicial review of their determination[s]." Tenn. Code Ann. § 4-5-103(a)(1). The statute further states that "[n]othing in [the UAPA] shall be held to modify or repeal the statutes with respect to payment of taxes under protest and suits for recovery thereof." Tenn. Code Ann. § 4-5-103(c). Accordingly, the tax relief statutes that govern the classification and assessment of, and relief from, real property taxes, as opposed to the UAPA, are dispositive on questions of procedures, deadlines, and finality requirements in this case.

At the time Appellant filed his appeal to the SBOE, Tennessee Code Annotated section 67-5-1501(c) provided, in relevant part, that:

Appeals to the [SBOE] from initial determinations in exemption and tax relief cases must be filed within ninety (90) days from the date notice of the determination was sent. Appeals from initial decisions of [ALJs] or hearing examiners for the [SBOE] must be filed within thirty (30) days from the date the initial decision is sent.

Tenn. Code Ann. § 67-5-1501(c).

Appeals were initially heard and decided by "hearing examiners," which included appointed ALJs, acting for the AAC. Tenn Code Ann. §§ 67-5-1501(b)(1), (c); -1502(a);

-1505(a).[2] Under section 67-5-1501(c), *supra*, a party could appeal the ALJ's initial order to the AAC within 30 days after the date of the initial order. Tenn. Code Ann. § 67-5-1501(c). The AAC could either adopt the ALJ's initial order, or, if it declined to do so, it could set a review hearing. Tenn. Code Ann. § 67-5-1506(b).

A party could then appeal the AAC's decision to the SBOE within 15 days, Tenn. Code Ann. § 67-5-1502(j)(2), or the SBOE, "on its own motion," could conduct a review of the AAC's decision within 45 days of entry of that decision. Tenn. Code Ann. §§ 67-5-1502(j)(1), (3); -1502(k). Action taken by the AAC did not become final until the expiration of the SBOE's 45-day review period. *Id*. After the decision became final, the SBOE was required to either "provide written notice of its final actions on appeal," Tennessee Code Annotated section 67-5-1512(a)(3), or issue "an official certificate relative to the action of the state board." *Id.* §§ 67-5-1502(k), 67-5-1512(a)(1). Importantly, the statute provided that, "The date of the notice or certificate shall commence the period for seeking judicial review of the final order of the board or commission." Tenn. Code Ann. § 67-5-1502(k).

In applying the foregoing procedure to this case, the trial court reached the following conclusion:

> Here, the administrative judge issued his Initial Order on January 27, 2023. The Initial Order recited that the Initial Decision could be appealed to the AAC or a petition for reconsideration could be filed with the administrative judge. Heintz timely filed a petition for reconsideration on February 7, 2023, under § 4-5-315. The [ALJ] issued his order denying the requested reconsideration on February 17, 2023. After that date, any party had 30 days under the real property tax appeal statutes within which to appeal the Initial Order to the AAC. *Id*. § 67-5-1501(c).
>
> Heintz filed his complaint for judicial review under the UAPA on March 20, 2023 within 60 days after the decision on his petition[] for reconsideration under Tenn. Code Ann. § 4-5-317(e), -322, but before the expiration of the 30-day agency appeal period before the AAC,[3] and the subsequent 45-day period within which the SBOE could exercise its discretion to review the Initial Order "on its own motion." *Id.*, § 67-5-1502(j)(1)(3), and (k).
>
> ***

---

[2] In 2023, the real property tax assessment appeal statutes were amended, abolishing the AAC and providing for agency appeals directly to the SBOE. *See* 2023 Tenn. Pub. Acts ch. 184 (eff. Jul. 1, 2023). Although Tennessee Code Annotated section 67-5-1502 was repealed in 2023, the statute was in effect at all times relevant to this appeal. The citations to the tax relief statutes in this opinion include the relevant statutes in effect at the time Appellant filed his appeal of the SBOE's decision.

[3] The 30-day agency appeal date ran on March 20, 2023, because March 19, 2023, fell on a Sunday. *See* Tenn. R. Civ. P. 6.01

[U]nder the real property tax appeal statutes, the ACC's decision becomes final only after the expiration of 45 days where the SBOE does not order a review the AAC's decision. See ***Hermann Holtkamp Greenhouses, Inc. v. Metro. Nashville and Davidson Cnty.***, No. M2009-00345-COA-R3-CV, 2010 WL 366697 at *3 n. 6 (Tenn. Ct. App. Feb. 2, 2010) (citing Tenn. Code Ann. § 67-5-1502(j)(1)). Subsection 67-5-1502(k) plainly establishes that the AAC's "notice" or "certificate" of its final actions "shall commence the period for seeking judicial review." *See also* Tenn. Code Ann. §67-5-1512(a)(1). Here, Heintz petitioned for judicial review too early and before an official notice or certificate was issued under the former version of the applicable property tax appeal statutes. Accordingly, the Court concludes there was no final decision by the SBOE to establish this Court's subject matter jurisdiction under the UAPA, and Heintz's petition for judicial review should be dismissed.

The trial court's analysis is correct. Appellant sought review of the ALJ's initial decision and its denial of his petition for reconsideration without a final certificate or order from the AAC or SBOE. Without a final certificate or order, the SBOE's decision was not final.

Under the UAPA, petitions seeking judicial review will only lie from "the agency's final order." Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). In the absence of a final order, the trial court did not obtain subject-matter jurisdiction to review the administrative decision. ***Phillips***, 2022 WL 16579684, at *9.

Even though there was no final administrative order at the time Appellant filed his complaint for judicial review in the trial court, he argues that that this fact did not preclude the trial court's ability to review the SBOE's decision once that decision became final. As discussed above, the trial court allowed the parties time to file supplemental briefs concerning the issue of finality of the administrative decision. The SBOE supplemented the record with a printout indicating that its decision became "final" on April 12, 2023.

Relying on Tennessee Rule of Appellate Procedure 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."), Appellant argued that his March 20, 2023 complaint for judicial review constituted a prematurely filed notice of appeal and, therefore, should be recognized as timely. The trial court rejected this argument, stating:

> Heintz cites to Rule 4(d) of the Tennessee Rules of Appellate Procedure as providing a basis for this Court's jurisdiction over a premature filing of a petition for judicial review, but the SBOE correctly points out that the Rules of Appellate Procedure do not apply to this Court's judicial review of final

administrative agency decisions. Instead, under the real property tax appeal statutes, the ACC's decision becomes final only after the expiration of 45 days where the SBOE does not order a review the AAC's decision.

Again, the trial court is correct. As discussed above, the applicable tax relief statutes govern this matter, and, under Tennessee Code Annotated section 67-5-1502(k), the AAC's "notice" or "certificate" of its final actions "shall commence the period for seeking judicial review." *See also* Tenn. Code Ann. §67-5-1512(a)(1). The Tennessee Rules and Regulations relevant to the UAPA state that, "In any situation that arises that is not specifically addressed by these rules, reference may be made to the Tennessee Rules of Civil Procedure for guidance . . . ." Tenn. R. & Reg. 1360-04-01-.01(3). However, there is no such reference to the Tennessee Rules of Appellate Procedure.

Regardless, application of the procedural rules would only be relevant if the statutory scheme did not specifically outline how administrative decisions become final. Here, the procedure governing the question of finality of the SBOE's order is set out in the relevant tax relief statutes, *see discussion supra*. The trial court could only assume subject-matter jurisdiction after the statutory requirements were satisfied.

The Tennessee Supreme Court has cautioned: "Where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act." ***Bracey v. Woods***, 571 S.W.2d 828, 829 (Tenn.1978). A property owner cannot bring an action into court concerning the assessment of property without first allowing the SBOE to complete its review of the matter. ***Clark v. Lincoln County***, 387 S.W.2d 360, 367 (Tenn. Ct. App. 1964). "The mere initiation of the prescribed administrative procedure is not in compliance with this rule[.] [T]he administrative remedy must be pursued to an appropriate conclusion, it must be exhausted." ***Bracey***, 571 S.W.2d at 829; *see also* ***Johnson v. Tenn. Dep't of Correction***, 2017 WL 3396545 (Tenn. Ct. App. Aug. 8, 2017) (holding that the premature filing of a petition for judicial review before a final administrative order was issued deprived the reviewing court of subject-matter jurisdiction). Here, we agree with the trial court's conclusion that Appellant "petitioned for judicial review too early and before an official notice or certificate was issued under the former version of the applicable property tax appeal statutes. Accordingly, . . . there was no final decision by the SBOE to establish [the trial court's] subject matter jurisdiction under the UAPA."

Having affirmed the trial court's dismissal of Appellant's complaint for judicial review for lack of subject-matter jurisdiction, the trial court's alternate determination that the SBOE's decision was correct is void ab inito because the trial court lacked jurisdiction to make such determination. See ***Moorcroft v. Stuart***, No. M2014-00691-COA-R3-CV, 2015 WL 4086334, at *4-5 (Tenn. Ct. App. July 6, 2015) (holding that orders entered by a trial court without jurisdiction are void ab initio).

Finally, based on our holding, we deny Appellant's request for attorneys' fees and costs and pretermit any remaining issues or arguments.

## IV. Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Appellant's complaint for judicial review for lack of subject-matter jurisdiction. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Joseph Heintz. Execution for costs may issue if necessary.

s/ Steven W. Maroney
STEVEN W. MARONEY, JUDGE