Tommy L. JOHNSON and Lewis B. Johnson, Petitioners-Appellants,

v.

Gene ROBERTS, Commissioner, Tennessee Department of Safety, Respondent-Appellee.

Court of Appeals of Tennessee, Western Section, at Nashville.

May 27, 1982.

Application for Permission to Appeal Denied by Supreme Court Sept. 7, 1982.

William C. Wilson, David E. High, Nashville, for petitioners-appellants.

Jennifer Helton Small, Nashville, for respondent-appellee.

NEARN, Judge.

On October 26, 1979, the Metropolitan Police Department of Davidson County confiscated a total of $5,936.00 in United States currency from Tommy L. Johnson and Lewis B. Johnson when they were arrested for possession of a controlled substance. The confiscation arose in the course of what in some circles is referred to as a "drug bust" when "an enormous quantity of contraband was discovered and seized" on the premises occupied by the Johnsons.

On November 27, 1979, the Johnsons requested a hearing before the Commissioner of Safety seeking a return of the United States currency that had been seized at the time of their arrest. The Commissioner denied the Johnsons a hearing and they filed a complaint in the Chancery Court of Davidson County seeking a judgment against the Commissioner for the amount of currency seized. The Chancellor dismissed the complaint.

On appeal the Johnsons contend that the Chancellor erred in failing to find that the Johnsons had been denied their constitutional rights by the failure of the Commissioner to afford them a hearing. We conclude the Chancellor committed no error.

In a concise memorandum opinion the Chancellor adequately set forth the facts and his reasoning for his actions. We are pleased to adopt his opinion as our own, which is:

## MEMORANDUM

This case is before the Court on defendant's motion to dismiss for failure to state a claim under Rule 12.03, Tennessee Rules of Civil Procedure. Also before the Court is plaintiff's motion for summary judgment.

## FINDINGS OF FACT

On October 26, 1979, plaintiffs were arrested for possession of a controlled substance. Pursuant to T.C.A. § 52–1433, the sum of $986.00 was seized from Tommy L. Johnson and $4,950.00 was seized from Lewis B. Johnson.

On November 27, 1979, plaintiffs filed written claims requesting hearings before the Commissioner of Safety. A second request was dated and mailed on May 21, 1980. To date, plaintiffs have not received the requested hearings.

## CONCLUSIONS OF LAW

The issue presented to the Court is whether the Commissioner of Safety has violated plaintiffs' rights to a hearing pursuant to T.C.A. § 52–1404.

Plaintiffs contend that the setting of a forfeiture hearing within 15 days from the date the claim is filed is mandatorily imposed upon the Commissioner of Safety. The plaintiffs further argue that the statute does not state that a hearing date must be set only if a timely claim is filed, thereby making both of plaintiffs' requests timely.

The State submits to the Court that the complaint fails to state a claim upon which relief can be granted because plaintiffs did not file a request for a hearing within 15 days after receipt of notification of seizure as required under T.C.A. § 52–1404.

T.C.A. § 52–1404 provides that "Any person claiming any property so seized as contraband goods may, within fifteen (15) days after receipt of notification of seizure, file with the Commissioner at Nashville a claim in writing, requesting a hearing and stating his interest in the

articles seized. Any such claimant shall also file with his claim a cost bond with one or more goods and solvent sureties in the sum of two hundred and fifty dollars ($250), said bond being made payable to the state of Tennessee."

T.C.A. § 52–1404 further states that "The commissioner shall set a date for a hearing within fifteen (15) days from the day the claim is filed."

The Tennessee statute clearly puts the burden upon the owner of the seized goods to request a hearing within fifteen (15) days of notification of seizure. Plaintiffs received notice on October 26, 1979 when the monies were seized. Each plaintiff signed a receipt which contained language directing the action to be taken by an aggrieved party.

The statute further requires that the claimant also file with his claim a cost bond of $250.00.

Upon completion of these two requirements, the Commissioner of Safety is then required to set a date for a hearing within fifteen (15) days. Plaintiffs did not comply with the statutory requirements. The Commissioner of Safety properly denied untimely requests for a hearing.

The State's motion to dismiss is granted. Defendant's motion for summary judgment is hereby overruled.

We could only add to the Chancellor's opinion that the first section of 52–1404 refers to the fifteen day period as one "in which a claim for recovery *must* be presented" (emphasis ours).

The judgment below is affirmed with costs of appeal adjudged against appellants.

Done at Nashville in the two hundred and sixth year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.