Robert Patrick WOODALL and Elizabeth Silva, Plaintiffs–Appellants,

v.

Robert D. LAWSON, Commissioner, Tennessee Department of Safety, Defendant–Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 15, 1989.

Application for Permission to Appeal Denied by Supreme Court Feb. 5, 1990.

Michael E. Terry, Nashville, for plaintiffs-appellants.

Charles W. Burson, Atty. Gen. and Reporter, Brenda R. Little, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge.

The plaintiffs, Robert Woodall and Elizabeth Silva, have appealed from a judgment of the Trial Court affirming an administrative order of the Tennessee Department of Safety forfeiting $12,280 in cash which was seized in connection with an arrest for a drug offense.

No issue is made as to the finding of the Trial Judge that:

1. On September 17, 1987, officers of the Metropolitan Nashville Police Department arrested the plaintiffs and seized:

a. The 1984 Thunderbird automobile occupied by plaintiffs and claimed by plaintiff, Silva.

b. $700 in a purse claimed by Silva.

c. $2,280 cash on the person of the defendant, Woodall.

d. $10,000 in cash in luggage claimed by Woodall.

2. On September 30, 1987, the Commissioner of Safety received from Charles David Morrison the following letter:

I have been contacted by Elizabeth Silva and Robert Patrick Woodall regarding the seizure of one 1984 Ford Thunderbird on or about September 17, 1987 at Interstate 24 near Harding Place. I hereby make demand for return of the subject vehicle based upon Ms. Silva's ownership of the same, and we hereby make claim for return of her property as owner, and respectfully request a hearing pursuant to Title 53, Part II of the Tennessee code.

Please let us know as soon as possible when the hearing on this matter has been scheduled.

3. On November 17, 1989, the Commissioner entered a finding that no claim had been made for the $10,000 and $2,280 ($12,280) and an order forfeiting said funds.

The action of the Commissioner was based upon the lack of compliance with T.C.A. § 53–11–201, which provides in pertinent part as follows:

(c) Any person claiming any property so seized as contraband goods may, within twenty-one (21) days after receipt of notification of seizure, file with the commissioner at Nashville a claim in writing, requesting a hearing and stating his interest in the articles seized. Any such claimant shall also file with his claim a cost bond with one or more good and solvent sureties in the sum of two hundred and fifty dollars ($250), such bond being made payable to the state of Tennessee. Provided, that an indigent person may file his claim in forma pauperis by filing with his claim an affidavit stating that he is unable to bear the cost of the proceeding.

The affirmance of the Trial Judge was based on lack of compliance with the above statute and failure to seek judicial review within the 60 days allowed by statute. T.C.A. § 4–5–322(b).

■ By their first issue, appellants assert that the failure to timely claim the money is excused by the inadequacy of the notice of seizure. This assertion is based upon the reference in the notice of seizure to § 52–1404, Tennessee Code Annotated, as amended by Chapter 358 of the Public Acts of 1973.

The current edition of Tennessee Code Annotated plainly shows that the former § 52–1404 has been renumbered 53–11–201, and that the present section 53–11–201 is identical with the former § 52–1404.

There is no showing that either of the appellants was prejudiced by the printed form containing the former number rather than the present number of the statute. T.R.A.P. Rule 36(b) Rule 6(a)(3), Rules of this Court.

■ Appellants next complain that the notice of seizure of the $12,280 was given to Mr. Woodall rather than Ms. Silva, al-

though Ms. Silva was the owner. The only basis of claim of ownership by Ms. Silva is the presence of the cash in a vehicle owned by Ms. Silva. Ms. Silva's right to written notice was waived by her action in acquiescing in Mr. Woodall's representation to the seizing officer that the money was the property of Mr. Woodall. If she was the owner of the money, she is estopped to complain of the person to whom the notice was delivered by her failure to assert ownership at the scene of seizure. Moreover, she received written notice of seizure of other property seized on the same occasion, and cannot claim ignorance of the procedure stated therein or of the fact of seizure which she witnessed in person.

Appellants assert that there is no evidence of any violation of the Drug Control Act. However, they have not taken the steps required by law to create a proceeding in which this issue might properly be raised.

No merit is found in appellants' first issue.

■ By their second issue, appellants assert that a timely and adequate petition was filed in compliance with T.C.A. § 53–11–201(c).

No attempt at compliance with this statute occurred except the September 29 letter heretofore quoted, which appellants insist was a sufficient compliance. There is no evidence of the filing of a bond or pauper's oath as required by the statute. The letter was headed:

Re: A 1984 Ford Thunderbird titled in Name of Elizabeth Marie Silva.

Likewise, the text of the letter states that the attorney has been "contacted" regarding the seizure of the described automobile. The letter demands "return of her property", but does not specify her property other than the described automobile.

It is also noted that the letter demands no property of Robert Patrick Woodall, even though his name is mentioned therein.

The order of the Commissioner on November 17, 1989, reads as follows:

Re: $12,280 U.S. Currency
Robert Patrick Woodall

Metro Nashville Narc.
September 17, 1987

ORDER

The above subject property was confiscated upon the allegation that said property was in violation of T.C.A. 53–11–409, and it appearing that there is no petition by the owner of record of the above described property for hearing in connection with this property, and it further appearing that there be no petition by any claimant alleging an equitable interest in same, it is therefore

Ordered that said property be released to the seizing agency for disposition as provided by law.

It is obvious that the $12,280 now in dispute was seized, held, and forfeited as the property of Robert Patrick Woodall. He received a notice of seizure of this cash because he and Ms. Silva informed the officers that he was the owner.

It thus appears that Mr. Woodall, who originally claimed the $12,280 with the acquiescence of Ms. Silva, failed to file any claim for its return as required by statute, except the above quoted letter which states merely that Mr. Woodall has contacted an attorney who (in the letter) demands the return of an automobile belonging to Ms. Silva.

By no stretch of judicial imagination or indulgence can this Court read into the quoted letter a statutory claim for $12,280 not mentioned in the letter.

For failure to make timely claim for the money, the owner thereof has lost the right thereto.

No merit is found in appellant's second issue.

By their third issue, appellants assert that the forfeiture is invalid for lack of evidence of contraband nature of the goods or of unlawful activity.

As heretofore pointed out, there has been no proceeding in which this issue might be raised as to the subject property because neither of the appellants has taken

the necessary step to initiate that procedure.

No merit is found in appellants' third issue.

 By their fourth, and last, issue, appellants assert that their application for judicial review, filed on February 22, 1988, more than 60 days after the November 17, 1987, order of the Commissioner was timely. The Trial Court held that it was not timely. T.C.A. § 4–5–322(b). Appellants contend that they received no notice of the entry of the order and that they were thereby excused from seeking relief within the time allowed by statute. Notice of the order was mailed to Mr. Woodall's last known address, but returned. Appellants insist that notice should have been sent to the attorney who wrote the letter of September 29, 1987, received by the Commissioner on September 30, 1987. It appears that property seized as contraband is sent to catalogued and dealt with in separate parcels. Therefore the letter from counsel was placed with the record of the seizure of the property described therein (the automobile) and not with the records of the $12,280 presently under discussion. Therefore, the name of counsel was not available with the records of the $12,280.

This Court is not inclined to require the Commissioner of Safety to search the records of property on hand for any property seized from a person who has "contacted" an attorney about certain property without asserting a claim to other property.

It appears that, on November 17, 1987, the same day as the forfeiture, the Commissioner ordered other property seized from plaintiffs to be returned to them. This action should have alerted defendants to inquire as to the disposition of the $12,-280.

No merit is found in appellants' fourth, and last issue.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellants. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and KOCH, JJ., concur.