IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| BETTY CORLEW THOMAS, | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED: MARCH 17, 1997 |
| Petitioner-Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| v. | ) | |
| | ) | HON. C. ALLEN HIGH, |
| STATE BOARD OF EQUALIZATION; | ) | CHANCELLOR |
| KELSEY JONES, Executive Secretary | ) | |
| State Board of Equalization; | ) | NO. 01-S-01-9601-CH-00002 |
| HELEN JAMES, Administrative Law | ) | |
| Judge, State Board of Equalization; | ) | |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE AND DAVIDSON COUNTY; | ) | |
| PHIL BREDESEN, Mayor, Metropolitan | ) | |
| Government of Nashville and | ) | |
| Davidson County; | ) | |
| METROPOLITAN BOARD OF EQUALIZATION | ) | |
| FOR NASHVILLE AND DAVIDSON COUNTY; | ) | |
| JO ANN NORTH, Assessor of Property, | ) | |
| Metropolitan Government of | ) | |
| Nashville and Davidson County; and | ) | |
| CHARLIE CARDWELL, Trustee, | ) | |
| Metropolitan Government of | ) | |
| Nashville and Davidson County, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

FILED

March 17, 1997

Cecil W. Crowson
Appellate Court Clerk

For Appellant:

JOSEPH H. JOHNSTON
Nashville, TN

For Appellees:

JOHN KNOX WALKUP
Attorney General and Reporter

CHRISTINE LAPPS
Assistant Attorney General
Nashville, TN

OPINION

REVERSED AND REMANDED                          BIRCH, C.J.

This cause chronicles the efforts of Betty Corlew Thomas, the appellant, to challenge the valuation placed on her home by the Tax Assessor for Metropolitan Nashville-Davidson County. In the initial stages, Thomas proceeded without a lawyer; it was during this period of self-representation that the administrative judge, employed by the state board of equalization ("state board"), dismissed her appeal.[1] Thomas challenged this action, but in the process, she skipped two of the administrative steps that she could have taken and sought judicial review in the Chancery Court. Finding that Thomas had failed to exhaust her administrative remedies, the trial court dismissed her appeal. The Court of Appeals affirmed the trial court's judgment.

Before this Court, Thomas contends first that she was not required by applicable statutes to exhaust her administrative remedies in order to obtain judicial review of the dismissal of her appeal. Second, and alternatively, she insists that even if exhaustion were ordinarily required, exhaustion was excused in her case because the pertinent issue was primarily one of law. Third, Thomas asserts that she was deprived of her due process rights because the state board's printed notice failed to inform her that the consequence of non-payment of the undisputed portion of the property tax by the due date would be dismissal of her appeal.

Because the statute does not require Thomas to exhaust her administrative remedies and because the state board provided

---

[1]As is discussed in more detail *infra*, Thomas's appeal to the state board of equalization was dismissed because she did not pay the undisputed portion of her property tax when due.

her inconsistent and misleading information regarding certain aspects of the administrative appeal process, we reverse the judgment of the Court of Appeals and remand the cause to the state board for a hearing to determine the proper valuation of her property for the year 1993.

I

The procedure prescribed for the appeal of the property tax valuation of one's real estate by the assessor is a tedious one. It is better understood if we enumerate the steps in the process first and then detail the events that occurred in this case.

By statute, an aggrieved taxpayer may appeal the assessor's valuation of property to the county board of equalization. Tenn. Code Ann. § 67-5-1402. Unless modified by the state board, the county board of equalization's determination is final. Tenn. Code Ann. § 67-5-1411.

Pursuant to statutory authority, the state board has established a three-step procedure to consider and dispose of appeals like that of Thomas's, The first step provides the dissatisfied taxpayer with a hearing before an administrative judge. After due consideration, the administrative judge makes a recommendation to the assessment appeals commission. A taxpayer wishing to contest this recommendation may petition the commission. If the taxpayer is unsuccessful and the recommendation of the

administrative judge is accepted, the taxpayer may appeal the commission's decision to the state board; however, the statute also provides that the decision of the commission is subject to judicial review, Tenn. Code Ann. § 67-5-1502(k), as is any decision of the state board. Tenn. Code Ann. § 67-5-1511.

Early in 1993, Thomas was informed that the valuation of her residence for property tax purposes was $205,000 for the 1993 tax year.[2] Thomas appealed this valuation to the Metropolitan Board of Equalization for Nashville and Davidson County[3] and asserted that as of January 1, 1993, the valuation of her property should have been $100,000. The Metropolitan Board of Equalization refused to grant Thomas relief. Subsequently, in September of 1993, she appealed to the state board.

Tennessee Code Annotated § 67-5-1512(b)(1)(B) provides that it is a "condition for appeal" that the undisputed portion of the property tax be paid by the delinquent date and that no delinquent taxes accrue on the property. Because the 1993 property taxes were not delinquent until March 1, 1994, the state board did not require Thomas to pay the undisputed portion of the tax when she filed her appeal in September 1993. When she filed her appeal,

---

[2]This is the value of the property that was ascertained by the assessor pursuant to Tenn. Code Ann. §§ 67-5-601 and -602. Such valuations are determined from "evidence of [the property's] sound, intrinsic and immediate value, for purposes of sale between a willing seller and a willing buyer. . . ." Tenn. Code Ann. § 67-5-601. As Thomas's property is residential, it is then assessed at 25% of its value. Tenn. Code Ann. § 67-5-801(a)(3). This assessed value is then used to determine the amount of the property tax due.

[3]This is the correct title of the county board of equalization for Metropolitan Nashville-Davidson County.

4

Thomas received written information about her appeal.  Included in the information was the following notice:

> NOTICE REGARDING PAYMENT OF TAXES WHILE AN APPEAL IS PENDING.
>
> The law requires that you pay at least the undisputed portion of your taxes prior to the delinquency date <u>in order to file an appeal. By so doing you avoid the usual penalty and interest for delinquent taxes</u>. When a final certificate of assessment is issued by the Board of Equalization or Assessment Appeals Commission, the taxpayer will receive a refund of any overpayment or will owe the amount of any underpayment of taxes, along with interest at the rate provided by law.  (Emphasis added)

On February 10, 1994, Thomas was notified that her appeal would be heard on March 11, 1994.  At the hearing on March 11, 1994, the administrative judge dismissed Thomas's appeal because she had not paid the undisputed portion of her property tax.

Thomas immediately paid the undisputed portion of the tax.  On March 30, 1994, Thomas filed a timely petition for reconsideration and explained that she had not paid her 1993 property tax earlier because she had received "misleading information" from employees of the state board.[4]

On March 31, 1994, the administrative judge found that Thomas had been fully informed of the requirement that the undisputed portion of the tax be paid prior to the due date (March

---

[4]The substance of this "misleading information" is not expressed clearly in the record.

5

1) in order to keep her appeal alive. On this basis, the administrative judge denied Thomas's petition for reconsideration. Specifically, the administrative judge relied on the written "instructions accompanying all appeal forms obtained from the State Board of Equalization" and quoted the notice regarding the payment of taxes while an appeal is pending. The order denying Thomas's motion for reconsideration stated that Thomas could appeal both the administrative judge's dismissal and the denial of the petition for reconsideration to the assessment appeals commission within fifteen days. Thomas did not appeal the administrative judge's decision to the assessment appeals commission or to the state board.

On June 9, 1994, the assessment appeals commission of the state board issued a final certificate dismissing Thomas's appeal and affirming the valuation of the property as previously determined by the county board of equalization. This "Official Certificate of the Assessment Appeals Commission Relative to 1993 Property Assessments" included the following provisions:

> In accordance with the provisions of Tennessee Code Annotated Section 67-5-1512 and Section 4-5-314, the Assessment Appeals Commission hereby certifies the ad valorem assessment for the property described below. The assessment is predicated on the recommendations of the State Board of Equalization's Administrative Judge and <u>constitutes the final judgment of the Commission</u>.
>
> . . . .
>
> <u>Any party dissatisfied with this decision is entitled to judicial review</u>, proceedings for which are instituted by filing a petition in Chancery Court within (60) days of

6

the date of this certificate.
(Emphasis added)

On July 19, 1994, Thomas, with the assistance of counsel, filed a petition for judicial review in the Chancery Court of Davidson County pursuant to Tenn. Code Ann. § 67-5-1511. In her petition, Thomas prayed:

> That the Orders denying Petitioner a hearing for her alleged failure to comply within [sic] T.C.A. Section 67-5-1512(b)(1)(B) be vacated and the matter remanded to the Respondents State Board of Equalization, Kelsie Jones and Helen James, for a full hearing on the merits on the grounds that these Respondents have denied Petitioner Due Process guaranteed under the 14th Amendment.

The state board moved to dismiss Thomas's petition, contending that "the plaintiff has failed to exhaust her administrative remedies in this matter" and that the trial court, therefore, lacked subject matter jurisdiction pursuant to Rule 12.02(1) and 12.02(6) of the Tennessee Rules of Civil Procedure.

On October 31, 1994, the trial court concluded that "the Plaintiff failed to exhaust her remedies at the administrative level" and granted the state board's motion to dismiss Thomas's petition. The Court of Appeals affirmed.

II

Generally when a statute provides an administrative remedy, one must exhaust this administrative remedy prior to

7

seeking relief from the courts.[5]  <u>Bracey v. Woods</u>, 571 S.W.2d 828,

829 (Tenn. 1978); <u>Tennessee Enamel Mfg. Co. v. Hake</u>, 183 Tenn. 615,

194 S.W.2d 468 (1946).  The exhaustion doctrine serves to prevent

> premature interference with agency
> processes, so that the agency may
> (1) function efficiently and have an
> opportunity to correct its own
> errors; (2) afford the parties and
> the courts the benefit of its
> experience and expertise without the
> threat of litigious interruption;
> and (3) compile a record which is
> adequate for judicial review.  In
> addition, an agency has an interest
> in discouraging frequent and
> deliberate flouting of the
> administrative process.

2 Am.Jur.2d <u>Administrative Law</u> § 505 (1994)(footnotes omitted).


In Tennessee, exhaustion is not statutorily required

unless the statute "by its plain words" requires it.  <u>Reeves v.</u>

<u>Olsen</u>, 691 S.W.2d 527, 530 (Tenn. 1985).  Although the statutes

expressly grant the board the authority to create the assessment

appeals commission and to designate administrative judges to make

preliminary recommendations, nothing in the statute expressly

requires the taxpayer to avail herself of these steps.  Rather, the

statute providing for appeal to the assessment appeals commission

is worded permissively:

> <u>If an exception to the recommendation of the</u>
> <u>hearing examiner is taken by either the</u>
> <u>property owner or</u>. . .assessment appeals
> commission does not adopt the recommendation

_____

[5]When not mandated by statute, exhaustion is a matter of judicial discretion.  <u>Reeves v. Olsen</u>, 691 S.W.2d 527, 530 (Tenn. 1985).

8

of the hearing examiner, a hearing shall be
scheduled. . . .

Tenn. Code Ann. § 67-5-1506.  As for an appeal to the board from
the decision of the assessment appeals commission, the statute
expressly provides that the "certificate of assessment or other
final certificate of [the assessment appeals commission's] action"
is subject to judicial review in the same manner as is a final
action by the board.  Tenn. Code Ann. § 67-5-1502(k).  Thus, any
appeal to the board from an action of the assessment appeals
commission is clearly discretionary.  In our view, Thomas was not
required to exhaust the administrative remedies internal to the
board.  Thomas's petition was properly before the trial court, and
the board's motion to dismiss should have been denied.

III

Neither the trial court nor the Court of Appeals
addressed the propriety of the administrative judge's dismissal of
Thomas's appeal.  However, the issue has been raised and briefed by
the parties, and we will address it.  Tenn. R. App. P. 13(a).

Thomas insists that the state board failed to adequately
notify her that her appeal was subject to dismissal should she fail
to pay the undisputed portion of the tax by the due date.  Because
the state board failed to notify her of these consequences, she
urges that the dismissal violated her due process rights under the
Fourteenth Amendment to the United States Constitution.

9

Tenn. Code Ann. § 67-5-1512(b)(1)(B) states:

> Except as provided in subdivision
> (b)(1)(C), it is a condition for
> appeal that the undisputed portion
> of the tax levied be paid before the
> delinquent date of the tax and that
> no delinquent taxes have accrued on
> the property.[6]

The phrase "condition for appeal" could refer to either filing an appeal or maintaining an appeal.  It is interesting to note that the state board's own notice interprets the statute as imposing the condition on the filing of the appeal.  By contrast, the state board interpreted the statute as imposing the condition on the maintenance of an appeal in its dismissal of Thomas's appeal and in its arguments to this Court.  The statute is simply not clear.  Furthermore, the statute does not prevent the reinstatement of an appeal when the taxpayer pays the undisputed portion of the tax in a timely manner after the entry of an initial order dismissing the appeal.

We do not find that the facts of this case rise to the level of a constitutional due process violation.  However, we do find that, given the ambiguity of the statute, Thomas's course of action was entirely reasonable, and she should not be penalized for it.  When agencies undertake to provide information to parties to administrative proceedings, that information should be complete and accurate.  Simmons v. Traughber, 791 S.W.2d 21, 24-25 (Tenn. 1990).

---

[6]Subdivision (b)(1)(C) does not apply in Davidson County.

Accordingly, the decision of the Court of Appeals is reversed. The cause is remanded to the state board of equalization for a hearing to determine the proper valuation of Thomas's property. Costs are taxed to the respondents.

_____
ADOLPHO A. BIRCH, JR., Chief Justice

CONCUR:  DROWOTA, ANDERSON, REID, JJ.