IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 9, 2019 Session

## DONNA JETTER v. PIEDMONT NATURAL GAS COMPANY, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C1746    Kelvin D. Jones, Judge**

———————————————————

**No. M2019-00206-COA-R3-CV**

———————————————————

This is a negligence action brought by an absentee homeowner against two public utilities to recover compensatory damages. The plaintiff's unoccupied residence was damaged when frozen water pipes ruptured during the winter and after gas service to the property was terminated. The defendants, Piedmont Natural Gas, Inc. and Duke Energy One, Inc. (collectively, "Defendants"), filed a motion to dismiss pursuant to Tennessee Rules of Civil Procedure 12.02(1) and (3), arguing the court lacked original jurisdiction over the subject matter and that venue was improper because the Tennessee Public Utility Commission ("the Commission" or "the TPUC") had exclusive and original jurisdiction over the claims at issue. The trial court granted the motion and dismissed the action in its entirety. This appeal followed. We hold that the Commission did not have original or exclusive subject matter jurisdiction over the claims at issue and that the trial court had subject matter jurisdiction over the claims at issue, and it was the proper venue. Therefore, the judgment of the trial court is vacated and this matter is remanded to the trial court with instructions to reinstate the amended complaint filed by the plaintiff, to afford Defendants thirty days to file a responsive pleading, and for further proceedings consistent with this decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Taylor Payne, Murfreesboro, Tennessee, for the appellant, Donna Jetter.

Paul S. Davidson and Michael C. Brett, Nashville, Tennessee, for the appellees, Piedmont Natural Gas Company, Inc. and Duke Energy One, Inc.

Aaron J. Coklin, Nashville, Tennessee, for *amici curiae* Tennessee Public Utility Commission.

**OPINION**

Donna Jetter ("Plaintiff") owns unoccupied, residential property located at 23 Waters Avenue, Nashville, Tennessee, 37206 ("the Property"). In her complaint, Plaintiff alleges that Defendants replaced the gas meter at the Property in September 2017, while Plaintiff was residing at her primary residence in Sparta, Tennessee. She states she received no notice and was unaware the gas service had been terminated until February 2018, when Metro Water Service notified Plaintiff that thousands of gallons of water were flowing at the Property. Plaintiff visited the residence and found the crawl space flooded, the Property damaged, and the gas service disconnected. She contends the water pipes burst because, without gas service, the furnace was inoperable.

On July 9, 2018, Plaintiff commenced this negligence action in the Circuit Court for Davidson County against Defendants, alleging that Defendants damaged her residence by removing and replacing a gas meter without providing notice to her and by failing to take proper steps to reconnect the service. In her Amended Complaint, Plaintiff supported her allegations of negligence by citing to certain rules and regulations adopted and enforced by the Commission, alleging that these rules and regulations established a duty owed to her by Defendants. Plaintiff also cited various administrative provisions of the Tennessee Public Utility Commission Rules ("TPUC Rules"), Tenn. Comp. R. & Regs. 1220-01-01-.01 to -04-13-.17, to invoke the doctrine of negligence per se.

On October 9, 2018, Defendants filed their Tenn. R. Civ. P. 12.02(1) and (3) motion to dismiss on the grounds that the Circuit Court lacked subject matter jurisdiction because the Commission has exclusive jurisdiction to enforce the TPUC Rules cited in Plaintiff's Amended Complaint. Further, Defendants contended that the TPUC Rules establish an administrative remedy, which Plaintiff failed to exhaust before filing this action. Defendants also argued that the Circuit Court was not the proper venue in which to bring Plaintiff's claims.

In support of their motion to dismiss, Defendants asserted the TPUC has exclusive, initial jurisdiction over alleged gas pipeline violations; therefore, the Circuit Court lacked subject matter jurisdiction and was an improper venue. They further alleged that Chapter 1220-04-05 of the TPUC Rules governs this dispute, and Plaintiff failed to exhaust administrative remedies pursuant to TPUC Rules 1220-04-05-.47(8)(a).

Plaintiff filed a timely response in opposition to the motion to dismiss relying on two main arguments. She asserted that our circuit courts have general jurisdiction over negligence claims, so regardless of the fact the Amended Complaint relies upon the TPUC Rules to establish Defendants' duty, Plaintiff's decision to not follow the

procedures in TPUC Rule 1220-04-05-.47 is not dispositive. She also asserts that the TPUC does not have the authority to adjudicate negligence claims and award compensatory damages.

Following a hearing on December 7, 2018, the trial court granted the motion to dismiss in a final order entered on January 9, 2019, which reads:

> Having heard the Motion to Dismiss of Defendants Piedmont Natural Gas Company, Inc. ("Piedmont") and Duke Energy One, Inc. ("Duke") (the "Defendants") on December 7, 2018, and having considered the pleadings, oral argument, and the record as a whole, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss is granted without prejudice.[1]

This appeal followed.

## ISSUE

The dispositive issue on appeal is whether the trial court erred in granting Defendants' Motion to Dismiss on grounds that the TPUC had original jurisdiction over the Plaintiff's claims and was the proper venue pursuant to Chapter 1220-04-05 of the TPUC Rules.

## STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012).

"Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (internal citation omitted). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Id*.

---

[1] The record does not reveal whether the trial court made any oral findings of fact or conclusions of law from the bench following the hearing. Moreover, nothing in this record reveals the specific grounds on which the motion to dismiss was granted other than the court "considered the pleadings, oral argument, and the record as a whole."

ANALYSIS

Following briefing by the parties, the TPUC filed an Amicus Curiae brief asking this court to reverse the ruling of the trial court. In pertinent part, the Commission's brief states:

The case before this Court is an action in tort, alleging damage to real property of the Plaintiff, Donna Jetter, ("Ms. Jetter" or "Plaintiff") occurred due to certain actions and/or the omission of certain actions of the Defendants, Piedmont Natural Gas Company, Inc. ("Piedmont") and Duke Energy One, Inc. ("Duke Energy") (collectively, "Defendants"). In support of her allegations of negligence, Ms. Jetter cited certain rules and regulations adopted and enforced by the Tennessee Public Utility Commission ("TPUC" or "Commission"), alleging that such rules and regulations established a duty Piedmont and Duke Energy owed to her, the breach of which would constitute negligence.

Piedmont and Duke Energy filed a motion seeking dismissal of the [sic] Ms. Jetter's Amended Complaint pursuant to Tenn. R. Civ. P. 12.01 (1) and (3). Specifically, Defendants alleged that the Trial Court lacked jurisdiction over the facts alleged in Plaintiffs Complaint because the TPUC Rules cited in Plaintiffs Amended Complaint are the exclusive jurisdiction of the Commission for enforcement. Further, Defendant argued that because these Rules establish an administrative remedy that Plaintiff failed to exhaust, the Circuit Court for the Twentieth Judicial District lacked jurisdiction and was an improper venue for the Plaintiff's Complaint. The Plaintiff argued in opposition to Defendants' motion that the TPUC Rules contain no requirement that alleged tortfeasors engage the administrative enforcement process prior to filing a complaint alleging a civil action. The Plaintiff further argued that the TPUC Rules provide no remedy to the Plaintiff for her damages. Upon consideration of the parties' arguments, the Trial Court granted the Motion to Dismiss.

The Plaintiff's appeal presents two issues upon appeal, which can be singularly summarized as whether the Trial Court erred in granting the Defendants' Motion to Dismiss, as the Trial Court, and not TPUC, is the proper forum possessing jurisdiction in the appropriate venue. While TPUC takes no position on the merits of any claim or cause of action alleged in Plaintiff's Amended Complaint, the Commission would assert that the Trial Court has incorrectly determined the jurisdiction of TPUC in its dismissal of the Plaintiff's Complaint.

The jurisdiction of TPUC is well established in statute. In addition, Tennessee appellate Courts have had numerous opportunities to opine on the agency's jurisdiction, the limitations of the agency to act within its jurisdiction, and the boundaries of the agency's jurisdiction. In summary, TPUC is an administrative agency, not a court, and does not possess statutory authority to adjudicate cases in tort. Therefore TPUC urges this Court to reverse and overturn the ruling of the Trial Court.

Furthermore, the Commission's brief provides the following analysis of its jurisdiction as applied to Plaintiff's claims. That section reads in pertinent part:

To properly put TPUC's jurisdiction in the context of the instant case, it is necessary to understand the nature of the cause of action or causes of action alleged in the Amended Complaint of Ms. Jetter. A review of the Amended Complaint reveals causes of action sounding in negligence and negligence per se in four specific instances. Paragraph 28 of the Amended Complaint alleges negligence per se by breach of a duty to read gas meter on a monthly basis as required by Tenn. Comp. R. & Regs. 1220-04-05-.09. Paragraph 29 of the Amended Complaint alleges negligence per se by breach of a duty to give adequate notice of service interruption as required by Tenn. Comp. R. & Regs. 1220-04-05-.36. Paragraph 30 of the Amended Complaint alleges negligence per se by breach of a duty to reestablish gas service following interruption within the shortest time practicable as required by Tenn. Comp. R. & Regs. 1220-04-05-.36. Finally, Paragraph 31 of the Amended Complaint alleges negligence by breach of a duty to investigate a service disconnection that remained for an unreasonable amount of time. Ms. Jetter also alleges a catch-all negligence claim in Paragraph 32, alleging breach of "other duties."

Ms. Jetter has cited rules and regulations concerning gas companies that the TPUC has adopted to implement its exercise of regulatory authority over gas companies. The Amended Complaint does not seek injunctive or other relief that would serve to force compliance with the rules or to impose civil penalties that may be applicable for violation of such rules. Instead, it would appear from the plain language of the Amended Complaint that Ms. Jetter utilizes the cited rules and regulations to establish causes of action sounding in negligence per se. The Tennessee Supreme Court has described negligence per se as follows:

The standard of conduct expected of a reasonable person may be prescribed in a statute and, consequently, a violation of the statute may be deemed to be negligence per se. When a statute provides that under certain circumstances particular

acts shall or shall not be done, it may be interpreted as fixing a standard of care . . . from which it is negligence to deviate. In order to establish negligence per se, it must be shown that the statute violated was designed to impose a duty or prohibit an act for the benefit of a person or the public. It must also be established that the injured party was within the class of persons that the statute was meant to protect.

*Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 937 (Tenn. 1994). Violations of rules, regulations or ordinances may also be deemed negligence per se. *Whaley v. Perkins*, 197 S.W.3d 665, 672-73 (Tenn. 2006). However, the Tennessee Court of Appeals notes that the doctrine of negligence per se "is not a magic transformational formula that automatically creates a private negligence cause of action for the violation of every statute. Not every statutory violation amounts to negligence per se." *Rains v. Bend of the River*, 124 S.W.3d 580, 590 (Tenn. Ct. App. 2003).

Piedmont and Duke Energy contended in their Motion to Dismiss that Ms. Jetter lacked standing because the alleged violations are the within the exclusive jurisdiction of TPUC, citing an Ohio case, and the failure to exhaust administrative remedies, citing a TPUC rule. For reasons further explained herein, the matter of *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas* and Tenn. Comp. R. & Regs. 1220-04-05-.47(8)(a) are inapplicable to the instant case.

In *Duke Energy Ohio*, a landlord filed a complaint in the Hamilton County Court of Common Pleas seeking a temporary restraining order and preliminary injunction preventing Duke Energy Ohio from disconnecting service during the pendency of a declaratory judgment action concerning billed charges and rates, determination of whether landlord was a customer authorized to be billed, and whether Duke Energy Ohio is authorized to interfere with the landlord-tenant contractual relationship. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 930 N.E.2d 299, 301–302 (Ohio 2010).

The present case before this Court does not allege a dispute concerning billing, threatened disconnection of service, or other matters that are within the exclusive jurisdiction of the Commission. Rather, as described in detail above, the causes of action seek damages resulting from alleged instances of negligence and/or negligence per se. A thorough examination of the enumerated supervisory and regulatory power and jurisdiction of the Commission reveals no statutory authority to resolve disputes alleging

negligence, nor to award damages for such disputes. As indicated in the jurisdictional section above, it has long been held that agency exercises legislative and executive functions, and the quasi-judicial function to determine controversies in certain instances, is merely incidental and does not create a court that exercises judicial functions. *In re Cumberland Power Co.*, 249 S.W. 818, 821 (Tenn. 1923). The Tennessee Code does not confer upon TPUC the power and jurisdiction to adjudicate cases and controversies based in tort and seeking damages on grounds of negligence. Unable to exercise authority not specifically granted to it by statute, the Commission is without authority to adjudicate the claims alleged in Ms. Jetter's Amended Complaint. *See BellSouth Telecommunications, Inc. v. Greer*, 972 S.W.2d 663, 680 (Tenn. Ct. App. 1997).

Further, Piedmont and Duke Energy argued that the Trial Court was without jurisdiction and was an improper venue because Ms. Jetter failed to exhaust administrative remedies found in TPUC Rules. Specifically, Defendants asserted that Section 8, titled "Commission Action," of Tenn. Comp. R. & Regs. 1220-04-05-.47 requires a violation to be referred to TPUC for formal resolution. However, application of this rule to the alleged violations in Ms. Jetter's Amended Complaint is misguided. The rules cited in Ms. Jetter's Amended Complaint are found in the rules implementing the supervisory and regulatory power and authority conferred by, and enforcing the requirements established by, Tennessee statutory law. The rule cited in Piedmont/Duke Energy's Motion to Dismiss is distinct from the previous rules in that it is the process by which the State of Tennessee enforces federal regulations on gas pipeline safety pursuant to the Natural Gas Pipeline Safety Act, 49 U.S.C.A. § 60101 *et seq.* The title of the rule, "Enforcement Procedures Governing Gas Pipeline Safety," the inclusion of a definitional section at the beginning of the rule, and citation to the federal law, offer an indication that the rules that follow have a different operation than the rules that precede. Indeed, the subsequent rule, Tenn. Comp. R. & Regs. 1220-04-05-.48 indicates TPUC's adoption of federal safety standards and regulations concerning the transportation of natural and other gas by pipeline. Hence, while the rule Piedmont/Duke Energy cites establishes a procedure by which TPUC processes a complaint, it only addresses procedure concerning alleged violations of the federal safety standards and regulations specific to gas pipeline safety, not the state regulations addressing service, billing and rates.

As for Defendants' contention that Plaintiff failed to exhaust her administrative remedies before the Commission, the exhaustion of administrative remedies is not an absolute prerequisite for relief unless a statute makes such requirement by its plain language. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 839 (Tenn. 2008); *see also*

*Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 (Tenn. 1997); *Reeves v. Olsen*, 691 S.W.2d 527, 530 (Tenn. 1985). Moreover, the Commission notes in its brief that "if Rule [1220-04-05]-.47 were applicable, the Natural Gas Pipeline Safety Act provides an administrative remedy that operates in addition to any other remedy provided by law, specifically stating that it 'does not restrict a right to relief that a person or a class of persons may have under another law or at common law.'" (quoting 49 U.S.C.A. § 60121(d)).

Following the filing of the Amicus Curiae brief, Defendants informed Plaintiff and filed notice with this court that "they no longer contest the jurisdiction of the Trial Court."[2] At oral argument, the court informed counsel that they were welcome to present their oral arguments to the court; however, the court was of the belief that arguments were not necessary based on Defendants' recent concession that the trial court had subject matter jurisdiction. Therefore, counsel did not present oral arguments.

Based on our review of the record, the briefs filed by the parties and the Amicus Curiae brief filed by the Commission, we hold that the Commission did not have original or exclusive subject matter jurisdiction over the claims at issue and that the trial court had subject matter jurisdiction over the claims at issue, and it was the proper venue.

## IN CONCLUSION

The judgment of the trial court is vacated, and this matter is remanded to the trial court with instructions to reinstate the amended complaint filed by Plaintiff, to afford Defendants thirty days to file a responsive pleading, and for further proceedings consistent with this decision. Costs of appeal are assessed against the Appellees, Piedmont Natural Gas Company, Inc. and Duke Energy One, Inc.

FRANK G. CLEMENT JR., P.J., M.S.

---

[2] The week before oral argument Defendants filed a motion to waive oral arguments and advised the court they had contacted Plaintiff's counsel "to propose filing a joint stipulation dismissing this appeal and filing an agreed order to vacate the Trial Court's Order Granting Defendant's Motion to Dismiss" and that Plaintiff's counsel insisted that the appeal move forward. As a consequence, counsel for the parties appeared for oral arguments.