# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 20, 2024

## BENJAMIN DOUGLAS v. FRANK STRADA, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

### Appeal from the Chancery Court for Hardeman County
### No. 19991      William C. Cole, Chancellor

---

### No. W2024-00753-COA-R3-CV

---

This appeal stems from an inmate's lawsuit seeking a transfer to another facility due to a claimed imminent risk of violence from other inmates. Benjamin Douglas ("Plaintiff") sued Frank Strada, Commissioner of the Tennessee Department of Correction, and the Tennessee Department of Correction ("TDOC") ("Defendants," collectively) in the Chancery Court for Hardeman County ("the Trial Court"), asking for injunctive and declaratory relief based on the safe prisons clause of the Tennessee Constitution. Defendants filed a motion to dismiss, which the Trial Court granted. The Trial Court found that it lacked jurisdiction because Plaintiff failed to exhaust his administrative remedies. Plaintiff appeals. We hold, *inter alia*, that exhaustion of administrative remedies was not jurisdictional in this case; that the Trial Court abused its discretion in applying the exhaustion doctrine when Defendants failed to properly raise that affirmative defense; and that the Trial Court erred in considering matters outside the complaint at the motion to dismiss stage without converting the motion to one for summary judgment. We reverse and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and J. STEVEN STAFFORD, P.J., W.S., joined.

Daniel A. Horwitz and Melissa K. Dix, Nashville, Tennessee, for the appellant, Benjamin Douglas.

Jonathan Skrmetti, Attorney General and Reporter; Donna L. Green, Senior Assistant Attorney General; and Adam Tune, Assistant Attorney General, for the appellees, Frank Strada, Commissioner of the Tennessee Department of Correction, and the Tennessee Department of Correction.

# OPINION

## Background

In March 2024, Plaintiff filed a verified complaint against Defendants in the Trial Court seeking injunctive and declaratory relief. As this matter was decided on a motion to dismiss, we draw the background facts from the complaint. Plaintiff is an inmate at a facility operated by CoreCivic of Tennessee, LLC ("CoreCivic"), a private prison contractor. In November 2023, Plaintiff was attacked by a group of inmates and stabbed under his eye. Plaintiff was separated from his attackers. Later, Plaintiff learned that he would be returned to the general population. Plaintiff asked to be transferred to another facility. CoreCivic agreed. However, TDOC rejected the transfer. According to Plaintiff, he is in "imminent danger of physical violence."

Regarding his attempts to seek relief, Plaintiff alleged that he has "not only exhausted the administrative remedies available to him; his facility **actually agreed to transfer him** after he did so." (Emphasis in original). Even still, according to Plaintiff, his request for transfer was "non-grievable." Plaintiff alleged further that "Defendants' counsel-communicated position regarding [Plaintiff's] transfer also makes clear that any further attempt to remedy the Plaintiff's harm through administrative remedies will be futile." Relying upon Tenn. Code Ann. § 1-3-121,[1] Plaintiff asked the Trial Court to declare that Defendants' actions contravened his rights under Article 1, Section 32 of the Tennessee Constitution.[2] Plaintiff also sought an injunction mandating that Defendants approve his transfer. In the meantime, Plaintiff remains in segregated housing since he refused his cell assignment in general population.

In April 2024, Defendants filed a motion to dismiss pursuant to Rules 12.02(1) and 12.02(6) of the Tennessee Rules of Civil Procedure. Defendants asserted sovereign immunity; lack of standing; that granting declaratory judgment "of this kind" under Tenn. Code Ann. § 1-3-121 would create an "absurdity"; and that Defendants' alleged refusal to the transfer cannot amount to a violation of Tenn. Const. art. 1, § 32. Notably, Defendants did not assert that Plaintiff failed to exhaust his administrative remedies. In May 2024, Plaintiff filed a response in opposition to Defendants' motion. On May 8, 2024, Defendants filed a reply to Plaintiff's response. Defendants attached TDOC's grievance

---

[1] Tenn. Code Ann. § 1-3-121 provides: "Notwithstanding any law to the contrary, a cause of action shall exist under this chapter for any affected person who seeks declaratory or injunctive relief in any action brought regarding the legality or constitutionality of a governmental action. A cause of action shall not exist under this chapter to seek damages." (West eff. Apr. 2, 2018). Plaintiff also cited Tenn. Code Ann. § 29-14-102 in support of the Trial Court's authority.

[2] Tenn. Const. art. 1, § 32 provides: "That the erection of safe prisons, the inspection of prisons, and the humane treatment of prisoners, shall be provided for."

policy to their reply. Defendants also attached documentation purporting to show that Plaintiff had not exhausted his administrative remedies. On May 9, 2024, Plaintiff filed an objection, arguing that Defendants' reliance on the exhaustion doctrine was "totally improper" since it was raised for the first time in a reply brief. The following day, the Trial Court heard Defendants' motion to dismiss.

On May 15, 2024, the Trial Court entered an order granting Defendants' motion. In its order, the Trial Court stated, in relevant part:

> Having reviewed the pleadings and briefings associated with the Motion and considered the oral argument of counsel, the Court finds that the Plaintiff has not properly exhausted his administrative remedies. The Tennessee Department of Correction ("TDOC") has put forth policies and procedures that require inmates to properly grieve their conditions of confinement. These policies define a grievance as a "written" grievance and further provide a procedure through which the grievance must be appealed to the Commissioner of TDOC prior to filing suit.
>
> In declaration of the parties' rights, this Court finds that inmates in the custody of the Tennessee Department of Correction must exhaust their administrative remedies prior to filing suit, and that nothing in Tenn. Code Ann. § 1-3-121 or the ruling in *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008), [3] abolishes that requirement. Finally, Plaintiff's claim for injunctive relief pursuant to Tenn. Code Ann. § 1-3-121, is dismissed for lack of jurisdiction based upon failure to exhaust his administrative remedies.
>
> Having declared the rights of the parties and dismissed the claim for injunctive relief under Tenn. Code Ann. § 1-3-121, the complaint is fully adjudicated. Any remaining claims in the Complaint are **DISMISSED**.

Plaintiff timely appealed to this Court.

### Discussion

We restate Plaintiff's multiple issues into the following dispositive issue: whether the Trial Court erred in granting Defendants' motion to dismiss.

---

[3] In *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008), the Tennessee Supreme Court concluded that "[w]hen challenging the facial validity of a statute on constitutional grounds, a plaintiff need not exhaust administrative remedies under the Uniform Administrative Procedures Act prior to a suit for declaratory judgment." *Id*. at 853-54. The High Court ruled further that "sovereign immunity does not bar a declaratory judgment or injunctive relief against state officers to prevent the enforcement of an unconstitutional statute, so long as the plaintiff does not seek monetary damages." *Id*. at 854.

Regarding the standard of review on a motion to dismiss for failure to state a claim, our Supreme Court has stated:

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012) (citations omitted).

The Trial Court held that it lacked jurisdiction because Plaintiff failed to exhaust his administrative remedies. The doctrine of exhaustion of administrative remedies concerns the general requirement that administrative remedies be pursued to their conclusion before any judicial process is started. The doctrine is not applied mechanically. "There are important distinctions between exhaustion of administrative remedies being mandatory as a matter of law and circumstances where exhaustion is required by a court in the exercise of its discretion." *Parents' Choice Tennessee v. Golden*, No. M2022-01719-COA-R3-CV, 2024 WL 1670663, at *14 (Tenn. Ct. App. Apr. 18, 2024), *no appl. perm. appeal filed*. When required by statute, a failure to exhaust administrative remedies deprives a court of subject matter jurisdiction. *Id*. The Tennessee Supreme Court has discussed when exhaustion of administrative remedies is a matter of judicial discretion rather than mandatory:

> When a statute provides for an administrative remedy, an aggrieved party must ordinarily exhaust the remedy before seeking to utilize the judicial process. *Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 (Tenn. 1997); *Bracey v. Woods*, 571 S.W.2d 828, 829 (Tenn. 1978). In *Thomas*, this Court observed that the exhaustion of remedies doctrine allows an administrative body to "(1) function efficiently and have an opportunity to correct its own errors; (2) afford the parties and the courts the benefit of its experience and expertise without the threat of litigious interruption; and (3) compile a record which is adequate for judicial review." *Thomas*, 940 S.W.2d at 566. Nevertheless, unless the statute providing for an administrative remedy requires exhaustion "by its plain words," an administrative appeal is not mandatory. *Id.*; *see also Reeves v. Olsen*, 691 S.W.2d 527, 530 (Tenn. 1985). Absent a statutory mandate, the exhaustion

of the administrative remedies doctrine is a matter of judicial discretion. *Thomas*, 940 S.W.2d at 566 n. 5; *Reeves*, 691 S.W.2d at 530; *State ex rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 577 (Tenn. Ct. App. 2005). When the issue of exhaustion is discretionary, "[t]his Court will not conclude that a trial court has abused its discretion unless the trial court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 237 (Tenn. 2010) (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)). A factor for consideration is whether judicial review would "prematurely interrupt the administrative process." *Moore*, 246 S.W.3d at 577-78. In any event, the exhaustion of an administrative remedy is not required when the party seeking judicial review presents questions of law rather than questions of fact. *Bracey*, 571 S.W.2d at 830; *Fentress Cnty. Bank v. Holt*, 535 S.W.2d 854, 857 (Tenn. 1976).

*Ready Mix, USA, LLC v. Jefferson Cnty.*, 380 S.W.3d 52, 63-64 (Tenn. 2012).

In the case at bar, Plaintiff did not rely on a statute mandating the exhaustion of administrative remedies. Therefore, a failure to exhaust administrative remedies did not implicate the Trial Court's subject matter jurisdiction. In their brief, Defendants argue in part that "even though Tenn. Code Ann. § 1-3-121—the statute providing the cause of action in this case—does not include language requiring exhaustion, the trial court had discretion to dismiss for failure to exhaust." Plaintiff argues, among other things, that Defendants failed to properly or timely raise the fact-based affirmative defense of exhaustion of administrative remedies, and that defense should have been waived.

If failure to exhaust administrative remedies implicated subject matter jurisdiction and the Trial Court's power to adjudicate the case, any party could have raised it at any time. *See Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011) (citations omitted), *no appl. perm. appeal filed* ("[S]ubject matter jurisdiction may be raised at any time by the parties or by the appellate court, *sua sponte* on appeal."). However, exhaustion of administrative remedies was not mandatory and jurisdictional in this case. Therefore, whether to apply the exhaustion doctrine was discretionary, and the issue was subject to waiver.

This Court has characterized failure to exhaust administrative remedies as an affirmative defense. *See Bramblett v. Coffee Cnty. Plan. Comm'n*, No. M2005-01517-COA-R3-CV, 2007 WL 187894, at *4 (Tenn. Ct. App. Jan. 24, 2007), *no appl. perm.*

*appeal filed.*[4]  It was incumbent on Defendants, as the proponents of an affirmative defense, to properly put forward that affirmative defense.  *See Hodge v. Jones Holding Co., Inc.*, No. M1998-00955-COA-R3-CV, 2001 WL 873458, at \*5 (Tenn. Ct. App. Aug. 3, 2001), *no appl. perm. appeal filed* ("An affirmative defense generally relies on facts that are not necessary to support the plaintiff's case. . . . Defendants desiring to assert an affirmative defense must specifically plead the defense in their answer.  If they fail to do so, they will be deemed to have waived the defense.") (citations omitted).  Defendants filed no answer, and did not even mention failure to exhaust in their motion to dismiss.  Instead, Defendants first raised failure to exhaust in their reply to Plaintiff's response to Defendants' motion to dismiss some two days before the hearing.  This defense was raised at the eleventh hour, and in any event, "[a] reply brief cannot be used to raise new issues."  *Gentry v. Former Speaker of House Glen Casada*, No. M2019-02230-COA-R3-CV, 2020 WL 5587720, at \*6 (Tenn. Ct. App. Sept. 17, 2020), *perm. app. denied Jan. 13, 2021.*  What is more, the motion to dismiss hearing was not an evidentiary hearing—it only concerned the legal sufficiency of Plaintiff's complaint, with Plaintiff's factual allegations to be taken as true.  Under these circumstances, we hold that the Trial Court erred in applying the doctrine of exhaustion of administrative remedies.[5]  In cases where the exhaustion doctrine is discretionary, a trial court's decision is entitled to deference, but it is not immune from judicial review.  By dismissing Plaintiff's complaint for failure to exhaust administrative remedies at the motion to dismiss stage, when Defendants failed to properly raise that affirmative defense, the Trial Court applied an incorrect legal standard and employed reasoning causing an injustice to the party complaining.  In short, the Trial Court abused its discretion.[6]

Plaintiff argues further that the Trial Court wrongly considered matters outside the pleadings at the motion to dismiss stage.  Tenn. R. Civ. P. 12.02 provides, as relevant:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

---

[4] Plaintiff also cites *Prime Locations, Inc. v. Shelby Cnty.*, No. W2010-01941-COA-R3-CV, 2011 WL 6140871, at \*2 (Tenn. Ct. App. Dec. 8, 2011), *no appl. perm. appeal filed*, for the same proposition, but that case is a memorandum opinion per Rule 10 of this Court's rules and may not be relied upon in any unrelated case.

[5] Our holding does not prevent Defendants from raising failure to exhaust administrative remedies going forward on remand.

[6] The term "abused its discretion" has a specific meaning as set out in this Opinion in this legal setting.  It does not have the meaning that is likely called to mind by a non-lawyer in a non-legal setting.

This Court has stated that "where a trial court considers matters outside the pleadings, a motion to dismiss is converted to a motion for summary judgment and an appropriate opportunity for discovery must be provided to the parties." *Belton v. City of Memphis*, No. W2015-01785-COA-R3-CV, 2016 WL 2754407, at *3 (Tenn. Ct. App. May 10, 2016), *no appl. perm. appeal filed*. Here, we discern that the Trial Court considered matters outside the pleadings, namely the materials attached to Defendants' reply brief below. Despite this, the Trial Court did not convert the motion to dismiss to one for summary judgment. This, too, was reversible error by the Trial Court. We, therefore, reverse and remand for further proceedings consistent with this Opinion.

As a final matter, Plaintiff asks that we admonish the Trial Court to respect his rights. As we deem that unnecessary, we decline. Plaintiff also requests that we sanction TDOC for alleged factual misrepresentations. We decline that as well.

### **Conclusion**

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellees, Frank Strada, Commissioner of the Tennessee Department of Correction, and the Tennessee Department of Correction.

_____
D. MICHAEL SWINEY, CHIEF JUDGE